**HOUSTON GENERAL INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**REALEX GROUP, N.V., Defendant-Appellant.**

No. 85–2456

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1985.

Boswell & Hallmark, Devon H. Decker, Houston, Tex., Rein, Mound & Cotton, Lawrence S. Greengrass, New York City, for defendant-appellant.

Fulbright & Jaworski, James S. Calvert, Jr., Houston, Tex., for plaintiff-appellee.

Before POLITZ, WILLIAMS and JOLLY, Circuit Judges.

POLITZ, Circuit Judge.

The district court denied the petition of Realex Group, N.V. for an order directing arbitration and staying proceedings pending that arbitration. This appeal poses the single question whether the district court erred in concluding that the issues raised in

pleading are outside the scope of the parties' contractual arbitration agreement. Finding error, we reverse and remand.

## FACTS

In July of 1981, Houston General Insurance Company contracted with the Realex Group for reinsurance of a risk it had insured for Riviana Foods, Inc. In September of 1983, a Riviana Foods grain elevator exploded causing a loss of $13,000,000. After paying its insured, Houston General sought reimbursement from Realex for $255,000 under their reinsurance agreement. Realex denied the claim, contending that the reinsurance contract had terminated prior to the Riviana Foods loss.

On November 5, 1984 Realex invoked the arbitration provision of the reinsurance contract and initiated an arbitration proceeding before the New York Insurance Exchange. The Houston General/Realex contract provided:

13. ARBITRATION. As a precedent to any right of action hereunder, if any dispute shall arise between the Company [Houston General] and the Underwriter(s) [Realex] with reference to the interpretation of this Agreement or their rights with respect to any transaction involved, whether such dispute arises before or after termination of the Agreement, such dispute shall be submitted to arbitration....

This article shall survive the termination of this certificate.

The factual scenario upon which the debate concerning the termination of the reinsurance agreement rests begins on July 1, 1982 when W.J. Burt Associates was replaced as Realex's general insurance agent by Continental Reed Stenhouse Management Company, Ltd. A general review of all reinsurance agreements was undertaken. Continental Reed became aware of certain underwriting changes involving Riviana Foods and was asked to accept those changes. Acceptance would extend the

policy period to July 1984. Continental allegedly informed Houston General that it declined to accept the changes and that Realex was to be replaced as the reinsurer on the Riviana Foods risk. Whether Houston General agreed to replace Realex is at the core of the controversy. The parties vigorously dispute whether Realex was the Riviana Foods reinsurer at the time of the loss in September of 1983.

Houston General filed in Texas state court what is essentially a breach of contract suit against Realex. Realex removed the action to federal court and then answered, averring that the contract of reinsurance did not cover the loss and that, in any event, the contract had expired prior to the loss. Realex also moved for an order compelling arbitration and for a stay of judicial proceedings pending completion of that arbitration.

## AT THE THRESHOLD

■ We must first determine whether the challenged order is appealable. Houston General invites our attention to decisions of our sister circuits[1] holding that an order declining to compel arbitration is not appealable under 28 U.S.C. § 1292(a)(1). That position does not prevail in this circuit. *Tenneco Resins, Inc. v. Davy Int'l, AG,* 770 F.2d 416 (5th Cir.1985); *Commerce Park at DFW Freeport v. Mardian Construction Co.,* 729 F.2d 334 (5th Cir. 1984); *Coastal Industries, Inc. v. Automatic Steam Products Corp.,* 654 F.2d 375 (5th Cir.1981); *Petroleum Helicopters, Inc. v. Boeing-Vertol Co.,* 606 F.2d 114 (5th Cir.1979); *Jackson Brewing Co. v. Clarke,* 303 F.2d 844 (5th Cir.), *cert. denied,* 371 U.S. 891, 83 S.Ct. 190, 9 L.Ed.2d 124 (1962). We have appellate jurisdiction.

■ We further note the standard of review. Questions of contract interpretation and whether a provision is inherently ambiguous both present questions of law fully reviewable on appeal. *See Strachan*

1. *See Timberlake v. Oppenheimer & Co., Inc.,* 729 F.2d 515 (7th Cir.1984); *Ottley v. Sheepshead Nursing Home,* 688 F.2d 883 (2nd Cir. 1982); *Hart v. Orion Insurance Co.,* 427 F.2d 528 (10th Cir.1970).

*Shipping Co. v. Dresser Industries, Inc.,* 701 F.2d 483 (5th Cir.1983); *Matador Drilling Co. v. Post,* 662 F.2d 1190 (5th Cir. 1981); and *City of Austin, Texas v. Decker Coal Co.,* 701 F.2d 420 (5th Cir.1983).

## ANALYSIS

All parties agree that the arbitration claims are governed by the Federal Arbitration Act of 1925, 9 U.S.C. §§ 1–14. This Act establishes a strong national policy favoring arbitration whenever the parties opt for that method of dispute resolution. The reference to arbitration Realex seeks is provided for by sections 3 and 4 of the Arbitration Act which respectively provide in pertinent part:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue ... is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had....

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate ... may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement.... [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.... If the making of the arbitration agreement or the failure, neglect, or refusal to perform ... be an issue, the court shall proceed summarily to the trial thereof....

■ The district court's denial of the motion to compel arbitration is premised on the legal conclusion that the arbitration clause is not broad enough to cover a dispute over whether the reinsurance agreement had terminated. We disagree with that legal conclusion. The Supreme Court has directed that all doubts about arbitrability of a given dispute are to be construed in favor of arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). We have consistently adhered to that position, insisting that arbitration should not be denied "unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue...." *Wick v. Atlantic Marine, Inc.,* 605 F.2d 166, 168 (5th Cir.1979); *Commerce Park at DFW Freeport.* In its decision last term in *Dean Witter Reynolds, Inc. v. Byrd,* —— U.S. ——, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985), the Supreme Court again underscored the imperative of honoring and enforcing private arbitration agreements.

In *Prima Paint,* the Supreme Court held "that in passing upon a § 3 application for a stay while the parties arbitrate, a federal court may consider only issues relating to the making and performance of the agreement to arbitrate." 388 U.S. at 404, 87 S.Ct. at 1806. Once satisfied that there is a contract calling for arbitration and that the parties do not contest the validity of that contract, the court must refer the matter to arbitration.

The parties before the court do not dispute that a valid contract was confected. The disagreement is whether, under its terms and the operative facts, this valid agreement has run its course and expired. That is an arbitrable issue.

In *Life of America Ins. Co. v. Aetna Life Ins. Co.,* 744 F.2d 409 (5th Cir.1984), after determining that a valid contract existed we held that the arbitration clause was broad enough to cover the disputes there presented. This ruling informs our present decision. In *Life of America* the arbitration agreement extended to "any dispute ... as to the rights or liabilities

incident to this Agreement." We gave that language broad application. The present instrument provides for arbitration of "any dispute ... with reference to ... [the parties'] rights with respect to any transaction involved, whether such dispute arises before or after termination of this agreement." Semanticists may argue that these clauses differ in essence, but we are not persuaded that the instant clause is substantially more narrow or restrictive than that at issue in *Life of America*.

The *Life of America* ruling provides persuasive precedent. In the instant case, Houston General contends that the contract was in force at the time of the Riviana Foods loss. The dispute in *Life of America* arose when Life of America, the reinsurer, argued that Aetna Life Insurance Company was not entitled to indemnification for losses that occurred during "a year which commenced after the Reinsurance Agreement terminated." *Life of America*, 744 F.2d at 410. We observed:

> Absent allegations of fraud in the inducement of the arbitration clause itself, arbitration must proceed when an arbitration clause on its face appears broad enough to encompass the parties' claims.

*Id.* at 413. We held that the language of the arbitration clause in the contract between Life of America and Aetna sufficed to cover the claim there presented, a claim which is virtually identical to the claim in the case *sub judice*. We perceive no basis for a contrary ruling here.

The judgment of the district court is REVERSED and the matter is remanded with instructions to refer this matter to arbitration and to enter appropriate orders to stay all judicial proceedings pending completion of that arbitration.