This petition for mandamus involves the question of whether a dispute over the termination of a food service agreement between Shamrock Food Service and Birmingham-Southern College is within the scope of the agreement's arbitration clause.
The arbitration clause at issue reads as follows:
 "In the event of any dispute(s) in regard to matters stated herein, which may not be resolved mutually between the parties hereto, such matters shall be referred to a Board of Arbitration. . . . If the two so named cannot agree on a third member, the Director of the Federal Mediation and Conciliation Service shall be requested to name the third member. . . . The decision of the majority of the members of the Board of Arbitration shall be final and binding upon both parties to the Agreement."
The food services contract and arbitration clause are in writing and involve transactions in interstate commerce; therefore, the provisions of the Federal Arbitration Act are applicable. 9 U.S.C. § 1 et seq. InShearson/American Express, Inc. v. McMahon, ___ U.S. ___, 107 S.Ct. 2332, at 2337 96 L.Ed.2d 185 (1987) (decided June 8, 1987, after the trial court had entered an order denying arbitration in this case), the Court announced a strong federal policy favoring arbitration:
 "The [Federal Arbitration] Act was intended to 'revers[e] centuries of judicial hostility to arbitration agreements,' Scherk v. Alberto-Culver Co., supra, at 417 U.S. [506], at 510, 94 S.Ct. [2449] at 2453 [41 L.Ed.2d 270], by 'plac[ing] arbitration agreements "upon the same footing as other contracts." ' 417 U.S., at 511, 94 S.Ct., at 2453, quoting H.R. Rep. 96, 68th Cong., 1st Sess. 1, 2 (1924). The Arbitration Act accomplishes this purpose by providing that arbitration agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' 9 U.S.C. § 2. The Act also provides that a court must stay its proceedings if it is satisfied that an issue before it is arbitrable under the agreement, § 3; and it authorizes a federal *Page 922 
district court to issue an order compelling arbitration if there has been a 'failure, neglect, or refusal' to comply with the arbitration agreement, § 4.
 "The Arbitration Act thus establishes a 'federal policy favoring arbitration,' Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), requiring that 'we rigorously enforce agreements to arbitrate.' Dean Witter Reynolds Inc. v. Byrd, 470 U.S. [213], at 221, 105 S.Ct. [1238] at 1243 [84 L.Ed.2d 158]."
See also Ex Parte McKinney, 515 So.2d 693 (Ala. 1987).
In the case at bar, the plaintiff contends that both parties agreed to terminate the contract prior to the end of its five-year term, but that after the plaintiff had acted in reliance on the agreement to terminate, the defendant changed its mind and sought to enforce the contract. The defendant, however, contends that there was no agreement to terminate the contract.
Section 8.1 of the food services contract states that the agreement may be terminated by either party at the end of its five-year term or at any time thereafter, by giving 90 days' prior written notice. The plaintiff contends that because the contract specifically addresses only the termination of the contract at the end of its term, their alleged bilateral agreement to terminate the contract prior to the end of its term is outside the scope of the arbitration clause. We disagree.
Clearly, under the broad provisions of the arbitration clause, the issue of whether the contract has been terminated must be submitted to arbitration. See Houston GeneralInsurance Co. v. Realex Group, N.V., 776 F.2d 514 (5th Cir. 1985); and Aaacon Auto Transport, Inc. v.Barnes, 603 F. Supp. 1347 (S.D.N.Y. 1985). This dispute arose with regard to the food services contract and the relative rights and obligations of the parties thereunder. However, even if we entertained doubts concerning the scope of arbitrable issues in this case, as a matter of law, our doubts would have to be resolved in favor of arbitration.Moses H. Cone Memorial Hospital v. Mercury ConstructionCorp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983);Ex parte Merrill Lynch, Pierce, Fenner Smith, Inc.494 So.2d 1 (Ala. 1986).
Accordingly, the trial court was in error in holding that the matter of the termination of the food services contract is not an arbitrable issue under this particular arbitration clause.
WRIT GRANTED.
TORBERT, C.J., and JONES, SHORES, ADAMS and HOUSTON, JJ., concur.