The defendant appeals from an order of the Choctaw County Circuit Court denying a stay pending arbitration.
The record reveals the following: In 1984 James River-Pennington, Inc. ("James River"), purchased two woodchip handling systems for its paper mill and hired Blount International, Ltd. ("Blount"), to assemble and install the machinery. This work was completed in 1985. After experiencing three failures with the machinery during 1989 and 1990, James River sued Blount in July 1991, alleging negligence and breach of the construction contract.[1]
In response, Blount, pursuant to the Federal Arbitration Act,9 U.S.C. § 1 et seq. ("FAA"), filed a motion requesting the trial court to stay the action. Specifically, Blount contended that pursuant to the construction contract, James River's claim was to be submitted to arbitration. James River argued that the arbitration clause in the construction contract was effective only during construction plus a one-year guarantee period after final payment. The trial court denied Blount's motion to stay, and Blount appeals.
The construction contract, in pertinent part, reads as follows:
"16. GUARANTEE
 "The Contractor shall guarantee his work for a period of one year from the date of acceptance by the Owner or the date of final payment, whichever occurs first, against any defective workmanship. Notwithstanding any provision of the Contract Documents, the Contractor's guarantee obligation shall be limited to the guarantee provided for in this Article 16, specifically including the limitation on the duration of such guarantee to the period ending one year from the earlier of the date of acceptance by the Owner or the date of final payment.
"17. ARBITRATION
 "(a) All disputes, claims or questions subject to arbitration under this agreement shall be submitted to arbitration in accordance with the current provisions of the Construction Business Arbitration Rules of the American Arbitration Association and this agreement shall be specifically enforceable under the prevailing arbitration law. . . .
 "(b) The Contractor shall not cause a delay of the work during any arbitration proceeding except by agreement with the Owner.
 "(c) Notice of the demand for arbitration of a dispute shall be filed in writing with the Owner and the other party to the agreement. . . . In no case, however, shall the demand be made later than the time of final payment, except as otherwise expressly stipulated in the Agreement.
". . . .
"29. DAMAGES
 "Should either party to this Contract suffer damages because of any wrongful act or neglect of the other party or of anyone employed by him, claim shall be made in writing to the party liable within a reasonable time of the first observance of such damage and not later than the final payment, except as expressly stipulated otherwise in the case of faulty work or materials, and such claim shall be adjusted by agreement or arbitration."
This construction contract evidences a transaction involving interstate commerce. Therefore, the policies and provisions of the FAA govern all questions of the validity, interpretation, construction, and enforceability of the arbitration agreement. See Moses H. Cone Memorial Hospital v. Mercury ConstructionCorp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Page 1346 Ex parte Alabama Oxygen Co., 433 So.2d 1158 (Ala. 1983), after remand from United States Supreme Court, 452 So.2d 860
(Ala. 1984) (approving Justice Maddox's dissent at 433 So.2d 1168). Here, the only issue concerns a construction of the provisions — specifically, whether the provisions set out above require arbitration of James River's claims against Blount.
Agreements to arbitrate are essentially creatures of contract; however, where the contract includes a valid arbitration clause, there is a presumption in favor of arbitration. Moses H. Cone Memorial Hosp., supra; see Ex parteShamrock Food Service, Inc., 514 So.2d 921 (Ala. 1987). Whenever the scope of an arbitration clause is fairly debatable or is reasonably in doubt, the court should decide the interpretation question in favor of arbitration. See Moses H. Cone MemorialHosp., supra.
However, notwithstanding judicial deference to arbitration, the parties will not be required to arbitrate when they have not agreed to do so. John Wiley Sons, Inc. v. Livingston,376 U.S. 543, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). "The courts are not to twist the language of the contract to achieve a result which is favored by federal policy but contrary to the interest of the parties." Goldberg v. Bear, Stearns Co.,912 F.2d 1418, 1419-20 (11th Cir. 1990). The controversy must come within the arbitration provision of the contract before the court can order arbitration. Explo, Inc. v. Southern Natural Gas Co.,788 F.2d 1096 (5th Cir. 1986).
Construing §§ 16, 17, and 29 of the construction contract together, we find that the construction contract is narrowly drawn so that only certain types of disputes are arbitrable and that those disputes are required to be submitted to arbitration only for a limited time. The contract does not expressly require arbitration of all "disputes arising under or related to the contract." See H.L. Fuller Constr. Co. v. IndustrialDevelopment Board, 590 So.2d 218 (Ala. 1991), and Beckham v.William Bayley Co., 655 F. Supp. 288 (N.D. Tex. 1987). Rather, the arbitration clause clearly limits the arbitrable claims or disputes to those specifically listed in the contract. Further, the contract makes it clear that those arbitrable claims are subject to arbitration only during construction or before final payment. See § 17(c) and § 29.
Section 17 sets out the procedure for arbitration, but it does not state which claims are to be arbitrated. It states that there shall be no delay of work during arbitration proceedings and that in no case shall the request for arbitration be made later than the time of final payment, except as provided otherwise (see § 16). The only section that sets out the claims to be submitted to arbitration is § 29. Pursuant to this "Damages" provision, a claim shall be made no later than the final payment (except under § 16, dealing with faulty work or materials, in regard to which a claim may be brought up to one year from the date of acceptance of final payment).
A fair reading of these provisions requires the conclusion that the primary purpose for requiring arbitration in this case was to ensure that the completion of the work would not be interrupted. One cannot reasonably conclude that the arbitration clause was intended to apply after the contract had been completed. According to the express language of the contract, arbitration was required only while the work was in progress (and for a limited time thereafter). See Hussey MetalDivision v. Lectromelt Furnace Division, 471 F.2d 556 (3d Cir. 1972).
James River did not discover that it had a claim against Blount for improper performance of its duties and obligations under the construction contract until five years after Blount's work had been completed. Therefore, the construction contract did not require that the claim be submitted to arbitration, and the trial court correctly denied Blount's motion to stay.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and STEAGALL, JJ., concur.
[1] James River also sued the firms that had sold and repaired the machinery. *Page 1347