19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ASSOCIATED INDEMNITY CORPORATION, a California Corporation
and The American Insurance Company, a Nebraska
Corporation, Plaintiffs-Appellees
v.
The HOME INSURANCE COMPANY, Defendant-Appellant
 No. 93-1857.
 United States Court of Appeals, Sixth Circuit.
 Feb. 25, 1994.
 
 Before: JONES AND KEITH, Circuit Judges, and RUBIN, District Judge.[1]
 PER CURIAM.
 
 
 1
 The defendant, The Home Insurance Company ("HOME") appeals the district court order denying its motion to compel arbitration. Home alleges one assignment of error. For the reasons stated below, we affirm.
 
 I. Factual Background
 
 2
 Plaintiff-Appellees (Fireman's Fund)[2] provided primary general liability insurance policies to Dow Chemical Company ("Dow") from 1956 through April 1, 1976. Home issued two certificates of Facultative Reinsurance to Fireman's Fund covering its Dow policies. The first certificate was effective from June 24, 1972 through January 1, 1974. The second certificate was valid from January 1, 1974 through January 1, 1977. In the early 1980's Dow began to seek coverage from Fireman's Fund for claims stemming from property damage caused by a Dow building product, Sarabond. The claims were numerous and substantial, and eventually resulted in litigation.[3] After the judicial determination that Dow's claims resulted in property damage in 1973[4], Fireman's Fund paid Dow's claims and made its own claims to Home under the Facultative Reinsurance policies.
 
 
 3
 Fireman's Fund filed this suit in an attempt to collect the reinsurance payments allegedly owed pursuant to the terms of the insurance certificate after almost a year had passed and Home had failed to pay the claims.[5] After service of the complaint, Home filed a motion to dismiss or in the alternative a motion to transfer venue to New York, alleging that the dispute was subject to arbitration. Home's motion was denied. The district court determined that the arbitration clause was narrow and its only required submissions were those pertaining to contract interpretation. The district court stated that it would be willing to entertain a request for arbitration that specifically defined the issue(s) as to contract interpretation that were disputed as required by the language of the arbitration clause. Home then filed an answer which failed to deny any of Fireman's Fund's allegations. The district court proceeded to dismiss Home's motion for certification for interlocutory appeal.
 
 
 4
 Fireman's Fund filed a motion for summary judgment on the issue of liability on March 18, 1993. Home filed its response to that motion on April 30, 1993. Within the response, Home moved to stay the proceedings and for the court to compel arbitration, identifying issues that were allegedly arbitrable. On May 14, 1993, the district court, Sua Sponte, dismissed Home's motion to compel arbitration and to stay the proceedings. This timely appeal followed.
 
 II. Assignment of Error
 
 5
 Home claims that the district court erred in dismissing its motion to compel arbitration and to stay proceedings because the arbitration clause within the certificate of reinsurance mandated that the pending issues be submitted to arbitration.
 
 Standard of Review
 
 6
 An appellate court reviews a district court's denial of a motion to compel arbitration de novo. United Offshore Co. v. Southern Deepwater Pipeline Co., 899 F.2d 405, 407 (5th Cir.1990).
 
 Discussion
 
 7
 The Federal Arbitration Act states that the district court shall stay proceedings when a suit is brought "upon any issue referable to arbitration under an agreement in writing ..." 9 U.S.C. Sec. 3. In Roney v. Kassab, 981 F.2d 894 (6th Cir.1992), this Court held that parties are only required to arbitrate those issues they agreed to arbitrate by stating:
 
 
 8
 '[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.... This axiom recognizes the fact that arbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration.' ... Thus, the duty to arbitrate derives from the contractual agreement of the parties.
 
 
 9
 Roney, 981 F.2d at 897, quoting AT & T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 648-649 (1986), see Wiepking v. Prudential-Bache Securities, Inc., 940 F.2d 996, 998 (6th Cir.1991). Likewise, the duty to arbitrate is limited by the scope of the arbitration clause provided within the contract.
 
 
 10
 Paragraph 15 of the reinsurance contract contains the arbitration clause at issue. It reads in pertinent part:
 
 
 11
 Should an irreconcilable difference of opinion arise as to the interpretation of this contract, it is hereby mutually agreed that, as a condition precedent to any right of action hereunder, such difference shall be submitted to arbitration....
 
 
 12
 While there is a liberal federal policy in favor of arbitration, see i.e. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1 (1983), The Federal Arbitration Act codified at 9 U.S.C. Sec. 3 et seq., this case turns not on this policy but rather on the terms and conditions of the contract entered by the parties. Paragraph 15 of the reinsurance contract provides for the arbitration of disagreements only in the interpretation of the contract itself. This arbitration clause is significantly different from the ones in the cases that Home has relied on. Specifically, in Houston General Ins. Co. v. Realex Group, N.V., 776 F.2d. 514 (5th Cir.1985), the clause in issue provided for the arbitration of all disputes "with reference to the interpretation of this agreement or their rights with respect to any transaction involved...." Id. at 515 (emphasis added). Similarly, in Southland Corp. v. Keating, 465 U.S. 1 (1984), the clause in issue provided for the arbitration of "[a]ny controversy or claim arising out of or relating to the agreement or the breach thereof ..." Id. at 4. The same is true for the other cases cited by Home.[6] The liberal federal policy is not so broad that it compels the arbitration of issues beyond those agreed to by the parties. As stated above, the arbitration clause in this case involves only the interpretation of the actual language of the contract and does not reach beyond that point.
 
 
 13
 Pursuant to their contractual agreement, Home has failed to point to any irreconcilable differences pertaining to contract interpretation. Home has listed fourteen "issues" that it claims are arbitrable, however, none of those "issues" involve interpretation of the language of the contract. Accordingly, the issues listed by Home fall outside the scope of the arbitration clause.
 
 III. Conclusion
 
 14
 The language of the arbitration clause at issue is narrow and expressly applies solely to issues involving irreconcilable differences of opinion as to the interpretation of the language of the contract between the parties. Home has failed to identify any provision of the contract requiring interpretation, let alone arbitration. There is no duty to arbitrate Home's refusal to honor its facultative reinsurance contract in the absence of a bona fide issue of contract interpretation. The decision of the district court is hereby AFFIRMED.
 
 
 
 [1]
 The Honorable Carl B. Rubin, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [2]
 Plaintiffs-Appellees, The Associated Indemnity Corporation and The American Insurance Company are subsidiaries of Fireman's Fund Insurance Company and are usually referred to collectively as Fireman's Fund
 
 
 [3]
 Dow Chemical Co. v. Associated Indemnity Corp., E.D.Mich. Case No. 85-CV-10037-BC ("Sarabond")
 
 
 [4]
 There were two claims involved. The first claim involved damage to the Central National Bank. The second claim involved the Ashland County-West Holmes Joint Vocational School District Building
 
 
 [5]
 This case was filed in May of 1992. Fireman's Fund requested payment of the Central National Bank claim on September 17, 1991. Fireman's Fund requested payment of the Ashland claim in April, 1992
 
 
 [6]
 Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 5 (1983); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 398 (1967); New Process Steel Corp. v. Titan Indus. Corp., 555 F.Supp. 1018, 1021 (S.D.Texas 1983)