**SVEDALA INDUSTRIES, INC., Plaintiff,**

v.

**The HOME INSURANCE COMPANY, as successor-in-interest to The Home Indemnity Company, Defendant.**

No. 95–C–746.

United States District Court, E.D. Wisconsin.

Oct. 18, 1995.

---

Thomas N. Harrington, Cook & Franke, Milwaukee, WI, for plaintiff.

Gary P. Lantzy, Kohner, Mann & Kailas, Milwaukee, WI, for defendant.

DECISION AND ORDER

MYRON L. GORDON, District Judge.

On June 16, 1995, the plaintiff, Svedala Industries, Inc. ["Svedala"], commenced this action in the Milwaukee county circuit court. On July 19, 1995, the defendant, The Home Insurance Company, successor-in-interest for The Home Indemnity Company, [collectively "Home"], removed the case to this court pursuant to 28 U.S.C. § 1441(a). Jurisdiction is based upon 28 U.S.C. § 1332. Presently before the court is the defendant's motion for a stay of this action pending arbitration.

## I. BACKGROUND

In its complaint, Svedala alleges that it is a Delaware Corporation with its principal place of business located in Waukesha, Wisconsin. Home is a New Hampshire corporation with

its principal place of business located in New York City. On October 1, 1990, Home issued to Svedala a policy of "Workers Compensation And Employers Liability Insurance." On October 1, 1990, Svedala and Home entered into an Incurred Loss Retrospective Premium Agreement ["the premium agreement"].

The plaintiff claims that under the terms of the workers compensation policy and the premium agreement, Home was obligated to investigate, adjust, settle or provide for the defense of all covered workers compensation claims. On April 4, 1991, Stephen Long, a Svedala employee was injured while at work. Home settled the Long claim in April 1993.

In its complaint, Svedala alleges that Home violated its fiduciary obligations to Svedala and also committed a breach of its duties of good faith and reasonableness in handling the Long claim. Svedala contends that it is not obligated to pay a retrospective premium in the amount of $118,101 for the handling and settling of the Long claim. The plaintiff asserts that Home's breach of its fiduciary and good faith duties resulted in the additional premium claimed by Home.

Along with its notice of removal, Home filed a motion for a stay of this action pending arbitration. In that motion, the defendant requests an order of the court, pursuant to 9 U.S.C. § 3, staying the trial of this action pending arbitration. Home asserts that the dispute which is the subject of the case at bar is subject to arbitration under the premium agreement. The premium agreement contains an arbitration clause which provides, in relevant part:

> [I]f any dispute shall arise between the Company [Home] and the Insured [Svedala] with reference to the interpretation of this Agreement, or their rights with respect to any transaction involved, ... such dispute upon the written request of either party, shall be submitted to three arbitrators....

Svedala denies that it is obligated to submit to arbitration the dispute that is the subject of this action. The plaintiff claims that the dispute does not fall within the parties' agreement to arbitrate disputes over retrospective premium calculations, because its present claim arises under the insurance policy, not the premium agreement.

■ Home filed its petition to compel arbitration in the United States district court for the southern district of New York. The defendant was obligated to file its petition to compel arbitration in that court as the arbitration agreement provides for arbitration in New York City; a petition to compel arbitration must be filed in the district in which arbitration is required. *See Merrill Lynch, Pierce, Fenner & Smith v. Lauer,* 49 F.3d 323, 327 (7th Cir.1995).

## II. ANALYSIS

Both parties agree that the Federal Arbitration Act ["FAA"] applies to this dispute. Pursuant to section three of the FAA, 9 U.S.C. § 3,

> [I]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The plaintiff does not allege that Home is in default in proceeding with arbitration.

Congress' enactment of the FAA reflected a strong policy favoring arbitration as a means of dispute resolution. *See Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218–21, 105 S.Ct. 1238, 1241–43, 84 L.Ed.2d 158 (1985); *Moses H. Cone Memorial Hosp. v. Mercury Construction Corp.,* 460 U.S. 1, 22–23, 103 S.Ct. 927, 940–941, 74 L.Ed.2d 765 (1983). The seventh circuit court of appeals followed the approach taken by the court of appeals for the second circuit in *McCowan v. Sears, Roebuck and Co.,* 908 F.2d 1099 (2d Cir.), *cert. denied,* 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990), and adopted a common sense reading of § 3. *Morrie & Shirlee Mages Foundation v. Thrifty Corp.,*

916 F.2d 402, 406 (7th Cir.1990). Under that approach, the court stated at page 406:

> If the federal action concerns an 'issue referable to arbitration' under the terms of the arbitration agreement, the district court must stay the trial until arbitration has concluded.

In determining whether the issues involved in the present action are referable to arbitration, the court must engage in a two-step inquiry: first, the court must determine whether the parties agreed to arbitrate; second, the court must determine the scope of the arbitration agreement. *See McDonnell Douglas Finance v. P.A. Power & Light Co.*, 858 F.2d 825, 830 (2d Cir.1988). Neither party disputes that they have a valid agreement to arbitrate. Consequently, the only disputed issue in the present motion is whether Svedala's action concerns an "issue referable to arbitration" under the arbitration agreement.

This question is one which must be resolved by the court as a matter of contract interpretation. *See AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986). The duty to arbitrate is one created by contract, and parties are not obligated to arbitrate a dispute unless they have agreed to do so. *Sweet Dreams Unlimited v. Dial–A–Mattress International, Ltd.*, 1 F.3d 639, 641 (7th Cir.1993). Under the FAA, private agreements to arbitrate must be enforced according to their terms. *Mastrobuono v. Shearson Lehman Hutton, Inc.*, — U.S. —, ——, 115 S.Ct. 1212, 1214, 131 L.Ed.2d 76 (1995). However, when arbitration clauses are included in a contract, they are to be construed broadly, such that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24–25, 103 S.Ct. at 941.

As noted above, Svedala maintains that its bad faith claim does not fall within the purview of the arbitration clause contained in the premium agreement. The plaintiff contends that its claim arises from the insurance policy, not the premium agreement. While the premium agreement contains an arbitration clause, the insurance policy does not contain any agreement to arbitrate disputes related to that contract.

Home contends that the workers compensation policy was incorporated into the premium agreement. The premium agreement clearly does not incorporate the insurance policy. The premium agreement states only that the workers compensation policy is "subject to" that agreement. Moreover, pursuant to the terms of the premium agreement,

> Nothing in this Agreement shall modify, alter, or amend any of the terms or conditions of the Policies relating to this insurance afforded hereunder.

Thus, the premium agreement does not alter the workers compensation policy.

Pursuant to the arbitration clause, Svedala and Home agreed to arbitrate any dispute "with reference to the interpretation of this Agreement...." and any dispute over the parties' rights "with respect to any transaction involved...." The dispute involved in the present action does not fall within the former category, as the parties are not disputing the interpretation of the premium agreement. However, the more difficult issue is whether the claim asserted by the plaintiff in the case at bar falls within the ambit of the latter category.

Under Wisconsin law, a bad faith claim is a tort claim which stems from a breach of the duty which an insurer owes its insured resulting from the fiduciary relationship created by the insurance contract. *Combined Investigative Services, Inc. v. Scottsdale Ins.*, 165 Wis.2d 262, 270, 477 N.W.2d 82 (Ct.App.1991). The tort of bad faith is not a tortious breach of contract; it is a separate intentional wrong which derives from the relationship of the parties under the contract. *Anderson v. Continental Insurance, Co.*, 85 Wis.2d 675, 687, 271 N.W.2d 368 (1978). In the present case, Svedala's bad faith claim is based upon Home's alleged duties under the insurance policy, not the premium agreement.

Contrary to the plaintiff's assertion, the phrase "any dispute ... with reference to ... [the parties'] rights with respect to any

580

transaction involved" has been interpreted broadly. *See Houston General Insurance v. Realex Group, N.V.,* 776 F.2d 514, 516–17 (5th Cir.1985); *North River Ins. Co. v. Allstate Ins. Co.,* 866 F.Supp. 123, 127 (S.D.N.Y. 1994). I believe that the plaintiff's claim does relate to a "transaction involved" in the premium agreement, as Svedala is disputing a premium assessed under that agreement.

While Svedala's bad faith claim arises from the worker's compensation policy and the fiduciary relationship established thereunder, the dispute in this case nevertheless involves a dispute over the parties' rights with respect to a transaction involved in the premium agreement. Svedala is asserting that Home has no right to collect the retrospective premium assessed under the premium agreement. The premium agreement does not limit disputes subject to arbitration to those involving rights which arise under that agreement. Any dispute regarding the parties' rights with respect to a transaction involved in the premium agreement is subject to arbitration. Consequently, I conclude that the dispute in this case does involve an issue referable to arbitration, and the defendant's motion for a stay will be granted.

### ORDER

Therefore, IT IS ORDERED that Home's motion for a stay of this action pending arbitration be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is stayed pending arbitration.

IT IS FURTHER ORDERED that defendant's counsel report to the court in writing as to the status of the arbitration proceedings. The first such report is to be served and filed by January 12, 1996, and each three months thereafter.