**Jo Lynette DAVIS**

**v.**

**HOUSTON LIGHTING & POWER.**

**Civil Action No. G–96–573.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 7, 1998.

---

Scott Adam Sanes, Houston, TX, R. Keith Vaughan, Carabin and Shaw, San Antonio, TX, for Plaintiff.

Maria Wyckoff Boyce, Baker & Botts, Houston, TX, for Defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

KENT, District Judge.

Plaintiff brings this employment discrimination case against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* She also alleges violation of the Equal Pay Act, negligent hiring, negligent supervision, negligent retention, negligence, and intentional infliction of emotional distress. Now before the Court is Defendant's Motion to Dismiss. For the reasons that follow, Defendant's Motion is **DENIED.**

Plaintiff is a member of the International Brotherhood of Electrical Workers, Local No. 66 ("Union"), which has signed a Collective Bargaining Agreement with the Defendant containing an arbitration clause. The issue before this Court is whether the causes of action alleged by Plaintiff fall within the confines of that arbitration clause. If Plaintiff's claims are subsumed by the arbitration clause, then these issues are simply private contractual matters, and this Court lacks subject matter jurisdiction over Plaintiff's claims. If the alleged claims are not within the purview of the arbitration clause, Plaintiff may proceed in this forum.

■ At the outset, the Court observes that there is a strong federal policy favoring the arbitration process. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25, 111 S.Ct. 1647, 1651, 114 L.Ed.2d 26 (1991) (noting that the Federal Arbitration Act manifests a liberal federal policy favoring arbitration agreements); *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 225, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987) (observing that there is a strong national policy encouraging the use of arbitration); *Life of America Ins. Co. v. Aetna Life Ins. Co.,* 744 F.2d 409, 412–13 (5th Cir.1984); *see also Eljer Mfg., Inc. v. Kowin Dev. Corp.,* 14 F.3d 1250, 1254 (7th Cir.1994) (defining arbitration as "a private system of justice offering benefits of reduced delay and expense"). When confronted with the question of arbitrability, a District Court must determine, as a threshold matter, whether the grievance before it is subject to arbitration. *See Folse v. Richard Wolf Med. Instruments Corp.,* 56 F.3d 603, 605 (5th Cir.1995); *Oil, Chem. & Atomic Workers Int'l Union v. Phillips 66 Co.,* 976 F.2d 277, 278 (5th Cir. 1992). This determination involves two in-

quiries. First, the Court asks whether there is a valid agreement to arbitrate; if so, the Court then asks whether the issue in question is covered by the valid agreement. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir.1996).

It is well established that discrimination claims can be subject to a compulsory arbitration agreement. *See Gilmer*, 500 U.S. at 35, 111 S.Ct. at 1656–57; *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir.1991) ("[W]e have little trouble concluding that Title VII claims can be subject to compulsory arbitration. Any broad public policy arguments against such a conclusion were necessarily rejected by *Gilmer*."). The question in this case, however, is whether a collective bargaining agreement can serve as a "valid agreement" to arbitrate discrimination claims. Defendant argues that it can, and therefore, because Plaintiff did not follow the stringent arbitration procedures and deadlines found in their Agreement, this case should be dismissed. Of course, Plaintiff argues that a collective bargaining agreement cannot waive these statutory rights. The Fifth Circuit has not yet addressed this issue; those courts that have disagree.

In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), a unanimous Supreme Court held that a labor union may not waive an employee's right to file a Title VII suit in court. *Id.* at 51–52, 94 S.Ct. at 1021. In reaching that holding, the Court noted the special dangers a collective bargaining agreement poses for individual statutory rights, considered by Congress to be of the highest priority. *See id.* at 47, 94 S.Ct. at 1019. The Supreme Court reached similar holdings in subsequent cases involving different statutes. *See, e.g., Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984).

Defendant bases its argument that a collective bargaining agreement can waive an individual's rights guaranteed by Title VII on a line of cases following the reasoning of *Austin v. Owens–Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir.), *cert. denied*, —— U.S. ——, 117 S.Ct. 432, 136 L.Ed.2d 330 (1996). In *Austin*, the Fourth Circuit held that a collective bargaining agreement, like the one at issue here, in which the company and the union agree to "comply with all laws preventing discrimination" and which provides that disputes "shall be subject to the grievance procedure," constitutes a "voluntary agreement to submit statutory claims to arbitration." *Id.* at 886 (concluding that plaintiff's Title VII and disability claims were subject to mandatory arbitration). In reaching this conclusion, the *Austin* court relied on *Gilmer*, where the Supreme Court held that an employee had waived his right to bring a statutory action in federal court because he had signed an employment contract containing an expansive arbitration clause. *See id.* at 880–81. There is a key difference between *Gilmer* and the facts before this and the *Austin* Court. In *Gilmer*, the *individual employee* personally waived his statutory rights by signing an individual arbitration agreement. *See Gilmer*, 500 U.S. at 23, 111 S.Ct. at 1650–51. In this case, like in *Austin*, the Union, on behalf of the employee, signed the collective bargaining agreement which allegedly waives Plaintiff's right to bring her statutory claims. Regardless of their ultimate merit based on the facts, the allegations made by Plaintiff in this case are too important to be waived by a collective bargaining agreement. *See Alexander*, 415 U.S. at 51–52, 94 S.Ct. at 1021 ("Title VII's strictures are absolute.... Of necessity, the rights conferred can form no part of the collective-bargaining process since waiver of these rights would defeat the paramount congressional purpose behind Title VII.").[1] This Court, therefore, disagrees with the holding in *Austin*. At least one other Texas District Court, in a well-reasoned and thoughtful opinion, has so held. *See Bush v. Carrier*

---

1. Although not argued by the parties, and not in the literature, the Court understands the ironic nature of its holding. Individual, nonunion employees, who generally receive none of the myriad of protections provided by a union, can pro-spectively waive their statutory rights. A well-protected, union employee, however, does not do so simply by being a party (however tenuous) to a collective bargaining agreement.

*Air Conditioning,* 940 F.Supp. 1040 (E.D.Tex.1996); *see also Tran v. Tran,* 54 F.3d 115, 117 (2d Cir.1995); *Humphrey v. Council of Jewish Federations,* 901 F.Supp. 703, 709–10 (S.D.N.Y.1995); *Jackson v. Quanex Corp.,* 889 F.Supp. 1007, 1010–11 (E.D.Mich.1995); *Randolph v. Cooper Indus.,* 879 F.Supp. 518, 520–22 (W.D.Pa.1994); *Block v. Art Iron, Inc.,* 866 F.Supp. 380, 384–87 (N.D.Ind.1994); *Griffith v. Keystone Steel & Wire Co.,* 858 F.Supp. 802, 804 (C.D.Ill. 1994); *Claps v. Moliterno Stone Sales, Inc.,* 819 F.Supp. 141, 145–47 (D.Conn.1993). This Court adopts the reasoning in *Bush.* Thus, Defendant's Motion to Dismiss is **DENIED.**[2]

For the above reasons, Defendant's Motion to Dismiss is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**IT IS SO ORDER.**

---

**2.** This case illustrates the complex and difficult problem that arises when some claims alleged by a plaintiff are arbitrable and others are not. This Court assumes that the parties do not seek piecemeal litigation, and therefore, will exercise jurisdiction over all of Plaintiffs' claims.