## FUND ADMINISTRATION SERVICES, INC.

v.

## Ralph N. JACKSON.

### Civ. A. No. 80–1061.

United States District Court,
W. D. Louisiana,
Shreveport Division.

Feb. 19, 1981.

Roy S. Payne, Blanchard, Walker, O'Quin & Roberts, Shreveport, La., for plaintiff.

Robert McLean Jeter Jr., Tucker, Martin, Holder, Jeter & Jackson, Shreveport, La., for defendant.

## MEMORANDUM RULING

STAGG, District Judge.

On July 9, 1980, plaintiff filed a complaint alleging that defendant had defaulted in monthly installment payments arising out of the sale of the business conducted by Fund Administration Services, Inc. (hereinafter FAS) as an administrator and consultant to various employee benefit plans in the states of Arkansas and Tennessee. On August 29, 1980, defendant filed a motion requesting this court to enter a stay of the proceedings pending arbitration in compliance with the contract at issue in this case.

Paragraph 16 of the contract between the parties states:

In the event of any dispute as to the interpretation or execution of this Agreement or amounts payable under it, the parties agreed to binding arbitration of any such issues under the Commercial Arbitration Rules of the American Arbitration Association. Neither party may file any suit on this contract until and unless this condition precedent is met.

In his motion, defendant pointed to pending suits in Florida and Texas which seemed to cast doubt on whether he received title to the assets purchased under the agreement. Defendant also asserts that another purchaser under the agreement, Jerry Carter, was not made a party to this suit. Plaintiff, in response to defendant's motion, asserts that the Florida and Texas suits relied on by defendant have been dismissed with prejudice, due to settlement of the claims, and that the contract created a joint obligation with Mr. Carter and he need not be joined. Furthermore, plaintiff asserts that any issue of Mr. Carter's liability—even if considered as within the scope of the arbitration clause—is severable from this case.

Initially, it is clear from this record that without further evidence in this case, this court cannot say that just because the suits raising the issue of valid title between other parties have settled that there can be no possible effect on the validity of the contract between the parties in this suit. However, resolution of this motion hinges on the standard to be applied by this court in deciding what scope the parties intended the arbitration clause to have.

Plaintiff's opposition to the motion asserts that:

The liberal interpretation given arbitration clauses in collective bargaining agreements has no place in the context of commercial arbitration. To interpret commercial arbitration clauses with an eye toward anything other than effectuating the intent of the parties, merely to relieve court congestion rather than industrial strife, would amount to abdication of the judicial function. This is not to say that the Act, rather than the arbitration clauses, should not be interpreted in such a way as to promote arbitration.... However, the Act says nothing that could be read to authorize courts to stray from ordinary principles of contractual interpretation in assessing the scope of arbitration clauses.

Plaintiff's Memorandum in Opposition to Stay, page 4. Plaintiff argues that the arbitration clause at issue in this contract is not as broad as other arbitration clauses such as the "Standard Arbitration Clause" recommended by the American Arbitration Association, which states that "any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration...." Plaintiff's Memorandum in Opposition to Stay, page 5. By comparison, plaintiff asserts, the arbitration clause in this case is a relatively narrow one and the reference to "amounts payable under it" merely applies to the provision in Paragraph 4 of the contract requiring adjustment of the price, should major clients be lost in the first year.

Defendant, on the other hand, responds in a supplemental brief filed on October 2, 1980 that "dispute *has arisen* as to the *interpretation* of this agreement and the *amounts payable* under it. Determination of 'amounts payable under it' involves not merely questions of joint and several liability, but also complex questions concerning the validity of plaintiff's title to assets involved in the transfer." Defendant's Supplemental Brief, page 1. In short, the issue before this court is whether the phrase "amounts payable under it" in the arbitration clause is to be construed broadly or narrowly. Plaintiff makes a viable argument within the confines of ordinary contract interpretation that the arbitration clause should be narrowly applied to adjustments under Paragraph 4 of the contract. However, it is this court's belief that the plaintiff has oversimplified the standard to be applied by this court.

■ In an arbitration case, not involving labor-management relations, the Fifth Circuit Court of Appeals stated:

At the outset, we note that the policy of the Federal Arbitration Act is to encourage arbitration and to relieve congestion in the courts.

*Seaboard Coast Line Railroad Company v. National Rail Passenger Corporation*, 554 F.2d 657, 660 (5th Cir. 1977). Therefore, this court is unable to accept plaintiff's argument that the interpretation of commercial arbitration clauses with an eye toward relief from court congestion rather than industrial strife would amount to abdication of the judicial function.

■ In deciding whether the dispute is within the coverage of the arbitration clause, the Fifth Circuit has stated:

... unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted. *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960); *Seaboard Coast Line R.R. Co. v. National Rail Passenger Corp.*, 554 F.2d 657 (5th Cir. 1977) (*pro curium*).

*Wick v. Atlantic Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979). The court is impressed with the fact that the *Wick* case, again, does not involve labor-management relations, but rather only the sale of a vessel. It is significant that the only Fifth Circuit case cited for the standard in *Wick* is *Seaboard Coast Line*. Thus, unless this court can say with positive assurance that the arbitration clause at issue is not susceptible of an interpretation which would cover the dispute at issue, the stay must be granted.

Viewing the contract as a whole and the language contained in Paragraph 16, this court cannot say "with positive assurance" that the dispute before it does not fall within the scope of the arbitration clause. The standard clearly calls for resolution of doubts in favor of the one asserting coverage by the arbitration clause. While plaintiff has urged tenable arguments concerning the construction of the contract, the court holds that the arbitration clause and the contract as a whole is "susceptible to an interpretation which would cover the dispute at issue...."

Defendant's motion for a stay pending arbitration is GRANTED.