Sylvia Jean PALMER Plaintiff

v.

CONSECO FINANCE SERVICING
CORP., et al.   Defendants

No. 1:01CV427–D–B.

United States District Court,
N.D. Mississippi,
Eastern Division.

April 8, 2002.

T. K. Moffett, Moffett Law Firm, PLLC, Amory, MS, for Plaintiff.

C. York Craig, III, Forman, Perry, Watkins, Krutz & Tardy, PLLC, Donald Stephen Brouillette, Jr., Wells, Marble & Hurst, PLLC, Jackson, MS, for Defendant.

## OPINION GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

DAVIDSON, Chief Judge.

Presently before the court is the Defendants' motion to compel arbitration pursuant to the Federal Arbitration Act. Upon due consideration, the court finds that the motion should be granted. In accordance with the parties' agreement, the Plaintiff's claims shall be submitted to arbitration.

*A. Factual and Procedural Background*

The Plaintiff, Sylvia Jean Palmer, and her now deceased husband Shirley Palmer, both were residents of Aberdeen, which is in Monroe County, Mississippi. On or about June 23, 2000, the Palmers entered into a promissory note with Conseco Finance Servicing Corp., relating to the refinancing of their home in Aberdeen. In conjunction with this loan, Plaintiff and her husband paid a credit life insurance premium to Conseco Agency, Inc. in the amount of $3,075.42. This sum was for credit life insurance on the life of Shirley Palmer.

Shirley Palmer died on September 26, 2000. A copy of his death certificate was provided to Conseco Finance Servicing Corp., which apparently forwarded it to the company they contracted with for the credit life policy, American Bankers Life Assurance Company of Florida. American Bankers denied the claim for benefits due to purported misrepresentations on the life insurance application. Plaintiff has been unable to make the payments on the property, and she alleges that as a result of American Bankers' refusal to pay off the loan on the property pursuant to the insurance contract, the loan is now delinquent. Conseco Finance Servicing Corp. instituted foreclosure proceedings and the property was scheduled for sale in November of 2001.

On November 1, 2001, Plaintiff commenced a civil action in the Chancery Court of Monroe County, Mississippi, by filing her complaint to remove cloud from title, for breach of contract and for other relief and named as Defendants: Conseco Finance Servicing Corp., Conseco Agency, Inc. and American Bankers Life Assurance Company of Florida. The complaint sought, *inter alia*, a temporary restraining order enjoining Defendant Conseco Finance Servicing Corp. from foreclosing on the property and compensatory and punitive damages jointly and severally for breach of contract and damage to reputation. Then, on November 14, 2001, the Defendants removed the case to this court pursuant to 28 U.S.C. § 1332.[1] For the purpose of diversity analysis, none of the Defendants are incorporated in, or have their principal place of business in Mississippi. On or about January 11, 2002, the Conseco Defendants filed a motion pursuant to Section Three of the Federal Arbitration Act, 9 U.S.C. § 3, seeking an order compelling arbitration.[2] Thereafter, both parties filed their respective briefs, placing all substantive issues before the court for adjudication.

1. American Bankers removed the case. The Conseco Defendants subsequently joined in the notice of removal.

2. Shortly thereafter, Defendant American Bankers joined in the motion to compel arbitration.

### B. Discussion

#### 1. The Agreement's Arbitration Provision

■ Congress provided in the Federal Arbitration Act (FAA) that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Section Three of the FAA specifically contemplates that parties, such as the Defendants, that are aggrieved by another party's failure to arbitrate under a written agreement, may file a motion to stay the trial of an action until such arbitration has been had in accordance with the terms of the agreement. 9 U.S.C. § 3 (1999). In addition, the FAA expresses a strong national policy in favor of arbitration, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1983); *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir.1998).

■ The Fifth Circuit has directed that courts are to perform a two-step inquiry to determine whether parties should be compelled to arbitrate a dispute. *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir.1996). Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *R.M. Perez*, 960 F.2d at 538. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove that the arbitration provision itself was a product of fraud or coercion; alternatively, that party can allege and prove that another ground exists at law or in equity that would allow the parties' contract or agreement to be revoked. *Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679, 680–81 (5th Cir.1976). The only dispute here is whether the parties agreed to arbitrate the dispute in question.

The parties do not dispute that the promissory note contains the following mandatory arbitration provision:

#### 9. ARBITRATION

All disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement, or the validity of this arbitration clause or the entire Agreement, shall be resolved by binding arbitration .... This arbitration agreement is made ... and shall be governed by the Federal Arbitration Act, Title 9 of the United States Code.... The parties agree and understand that they choose arbitration instead of litigation to resolve disputes. The parties understand that they have a right or opportunity to litigate disputes in court, but that they prefer to resolve their disputes through arbitration, except as provided herein. **THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL, EITHER PURSUANT TO ARBITRATION UNDER THIS CLAUSE OR PURSUANT TO A COURT ACTION BY LENDER (AS PROVIDED HEREIN)....**

■ Plaintiff argues in her response brief that her primary dispute is for breach of contract against American Bankers, who did not sign the promissory agreement. The court notes that only the Palmers and Conseco Finance Servicing

Corp. were parties to the promissory note. Plaintiff's complaint states:

> Defendant Conseco Finance Servicing Corp. induced Plaintiff and her husband to contract with Conseco Agency, Inc. to pay a premium of [$3,075.42] and a policy was placed through American Bankers .... Conseco Finance Servicing Corp. paid the premium to a company with which they are associated and from which they receive a profit. Plaintiff believes the proof will show that Conseco Agency, Inc. received a substantial portion of the credit life premium paid by Plaintiff and her husband, and then subsequently made some premium payment to American Bankers .... Plaintiff and her husband had no contact with American Bankers .... The form upon which American Bankers ... relied upon to deny coverage was completed by an employee of Conseco Agency, Inc., who presented the completed form to Shirley P. Palmer for his signature. The conspiracy of the Defendants was wilful and wanton with total disregard for the rights of Plaintiff ....

■ Plaintiff subsequently argues that her dispute against all Defendants does not arise out of the note which contains the arbitration provision. She later states that her dispute with the Conseco Defendants arises out of their relationship (she believes they were agents) with American Bankers. The court is of the opinion that all claims against the Conseco Defendants are covered by the arbitration provision. Parties to arbitration agreements cannot avoid them by casting their claims in tort, rather than in contract. *Grigson v. Creative Artists Agency, L.L.C.,* 210 F.3d 524, 526 (5th Cir.2000). Conseco Finance Servicing Corp. was a party to the promissory note. Again, the arbitration clause covers "[a]ll disputes, claims, or controversies arising from or relating to this Agreement or the relationships which result from this Agreement." The court is of the opinion

that this language is broad enough to cover the claims against Conseco Agency, Inc. as well. The Fifth Circuit has applied Section Three of the FAA to nonsignatories where they were affiliates of a signatory corporation. *Hill v. GE Power Systems, Inc.,* 282 F.3d 343, 347 (5th Cir.2002) (citing *Subway Equipment Leasing Corp. v. Forte,* 169 F.3d 324 (5th Cir.1999)).

The court notes that Section Three of the FAA does not grant courts the authority to compel arbitration of a dispute, but merely to stay claims that are not covered by the arbitration agreement, while the claims that are arbitrable may be resolved first in arbitration. *Hill,* 282 F.3d at 347. Nevertheless, as discussed below, the Fifth Circuit has held that in certain instances, equitable estoppel may allow courts to compel arbitration of all claims. *Id.* at 348–49; *Grigson,* 210 F.3d at 528.

■ Plaintiff argues that she has no arbitration agreement with American Bankers and that her claim is separate and distinct from the promissory note. American Bankers asserts that although they are nonsignatories to the promissory note with the arbitration agreement between the Plaintiff and Conseco Finance Servicing Corp., they are nevertheless entitled to compel arbitration of the Plaintiff's claims against them because those claims are intertwined with the Plaintiff's claims against Conseco Finance Servicing Corp. The Fifth Circuit has held that a nonsignatory to a contract containing an arbitration provision may compel arbitration against a signatory, when that signatory "raises allegations of substantially interdependent and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract." *Grigson,* 210 F.3d at 527.

Looking at her state court complaint, the court is convinced that Plaintiff's claims against all three Defendants are

intertwined. There would be no need for the insurance if Conseco Finance Servicing Corp. had not agreed to the loan. Plaintiff did not deal directly with American Bankers, but went through one or both of the Conseco Defendants. More importantly, even if it were clear to the court that Plaintiff intends to abandon her claims for wrongful foreclosure and damage to reputation against the Conseco Defendants, Plaintiff is not looking for a judgment solely against American Bankers. Plaintiff again notes in her response brief that the agency that collected the fee (for the insurance) was Conseco Agency, Inc. It also appears that an employee for Conseco Agency, Inc. filled out the application for insurance. Plaintiff admitted that she had a duty to repay the loan but denied that Conseco had a corresponding right to foreclose because Conseco was an agent for American Bankers, and but for the breach of American Bankers' contract of insurance with Plaintiff, Conseco would have been paid.

As such, the court finds that the Plaintiff's claims raise allegations of substantially interdependent and concerted misconduct by both the nonsignatory Defendants and the signatory lender's employees. As these claims cannot be severed, the court finds that the plaintiff is equitably estopped pursuant to *Grigson,* and Defendants' motion to compel arbitration is well taken.

### C. Conclusion

For the above stated reasons, and because any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, *Mouton,* 147 F.3d at 456, the Defendants' motion to compel arbitration of the Plaintiff's claims is granted. Finally, the court finds that this cause should be dismissed without prejudice. The Fifth Circuit has held that Section Three of the Federal Arbitration Act (which provides that the court "shall ...

stay the trial of the action") was not intended to limit dismissal of a case in the proper circumstances and that if all of the issues raised in the district court are arbitrable, dismissal of the case is proper. *See Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992) (holding that retaining jurisdiction and staying "serve[s] no purpose" when all issues are arbitrable). As was the case in *Alford,* all of the claims in this case are arbitrable. As such, the parties' claims shall be dismissed without prejudice.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Defendants' motion to compel arbitration (docket entry 17) is GRANTED;

(2) the Plaintiff's claims shall be submitted to arbitration, in accordance with the arbitration clause in the loan agreement; and

(3) as arbitration has been compelled and all issues in this case disposed of, this case is CLOSED. Any of the parties may seek, by motion, to reopen this case in the event further action is required by the court.