943 So.2d 710 (2006)
Eddie ADAMS and Beth Brown, Appellants
v.
GREENPOINT CREDIT, LLC and Security Bank of Amory, Appellees.
No. 2004-CA-02415-COA.
Court of Appeals of Mississippi.
January 24, 2006.
Rehearing Denied May 16, 2006.
*712 W. Howard Gunn, Aberdeen, attorney for appellants.
C. Michael Malski, Amory, Jeffrey Dale Rawlings, Madison, attorneys for appellees.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. Eddie Adams and his wife signed a contract with Greenpoint Credit, LLC and Security Bank of Amory to finance their mobile home. The contract contained an arbitration clause. Adams later opened a joint checking account with his daughter, Beth Brown, at Greenpoint. Greenpoint issued a draft on this checking account to make a payment on the mobile home. Adams and Brown sued Greenpoint in the Monroe County Circuit Court, claiming that the draft was unauthorized. The circuit court compelled the parties to submit to arbitration. Adams and Brown appeal, raising the following issues:
I. WHETHER THE COURT ERRED IN RULING THAT THE APPELLANTS' CLAIMS WERE SUBJECT TO ARBITRATION

*713 II. WHETHER BROWN'S CLAIMS ARE SUBJECT TO ARBITRATION UNDER THE TERMS OF THE CONTRACT
¶ 2. We affirm in part and reverse and remand in part.

FACTS
¶ 3. On August 8, 1998, Eddie Adams and his wife, Linda, entered into a contract to purchase a mobile home financed by Greenpoint Credit and Security Bank of Amory. Some time prior to February 15, 2001, Adams opened a checking account at Greenpoint that he held jointly with his daughter, Beth Brown. On February 15, 2001, Greenpoint issued a draft on the joint checking account that was used to make a payment on the mobile home. As a result, the checks written on the joint account after February 15 were returned for insufficient funds, and Adams and Brown were threatened with arrest.
¶ 4. Adams and Brown sued Greenpoint, alleging that Greenpoint wrongfully drafted the payment on the mobile home. They asserted claims of fraud, negligence, intentional and/or negligent infliction of mental and emotional distress, and defamation. Greenpoint filed a motion to dismiss and compel arbitration, pursuant to the terms of the mobile home contract. The circuit court heard oral arguments, ordered both Adams and Brown to submit to arbitration, and stayed the proceedings of the circuit court.

ANALYSIS
¶ 5. Appellate courts review contracts involving the grant or denial of arbitration under a de novo standard. East Ford, Inc., v. Taylor, 826 So.2d 709, 713(¶ 9) (Miss.2002) (citing Webb v. Investacorp, Inc., 89 F.3d 252, 256 (5th Cir. 1996)). "The Arbitration Act, resting on Congress's authority under the Commerce Clause, creates a body of federal substantive law that is applicable in both state and federal courts." Smith Barney, Inc. v. Henry, 775 So.2d 722, 724(¶ 8) (Miss.2001).
¶ 6. The United States Arbitration Act establishes a policy favoring arbitration, requiring that courts "rigorously enforce agreements to arbitrate." Taylor, 826 So.2d at 713(¶ 11) (citations omitted). Agreements to arbitrate are to be "liberally construed so as to encourage the settlements of disputes and the prevention of litigation, and every reasonable presumption will be indulged in favor of the validity of arbitration proceedings." IP Timberlands Operating Co. v. Denmiss Corp., 726 So.2d 96, 106(¶ 41) (Miss.1998). "[U]nless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue, then a stay pending arbitration should be granted." Wick v. Atlantic Marine, Inc., 605 F.2d 166, 168 (5th Cir.1979).
¶ 7. The contract Adams and his wife signed to finance the mobile home reads, in relevant part:
ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL
a. Dispute Resolution. Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims arising from a single transaction, shall be determined by *714 arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO A TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY REFERENCE, OR BY TRIAL BY A JUDGE
b. Arbitration. Since this Contract touches and concerns interstate commerce, an arbitration, under this Contract, shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Act ("AAA") shall also apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.
I. WHETHER ADAMS' CLAIMS ARE SUBJECT TO ARBITRATION
¶ 8. Courts apply a two-pronged inquiry when asked to compel arbitration. The first step is to determine whether there is a valid arbitration agreement. The second step is to determine whether the parties' dispute is within the scope of the arbitration agreement. East Ford, 826 So.2d at 713(¶ 9). "Under the second prong, applicable contract defenses available under state contract law such as fraud, duress, and unconscionability may be asserted to invalidate the arbitration agreement without offending the Federal Arbitration Act." Id. at 713(¶ 10).
¶ 9. The first prong of the inquiry asks if a valid contract exists. Adams does not dispute the validity of the arbitration agreement. Instead, he argues that the agreement does not apply to the facts of the present case because he did not intend for the contract to cover tort claims. However, courts have found that "[p]arties to arbitration agreements cannot avoid them by casting their claims in tort, rather than contract." Palmer v. Conseco Finance Servicing Corp., 198 F.Supp.2d 822, 825 (N.D.Miss.2002) (citing Grigson v. Creative Artists Agency, LLC., 210 F.3d 524, 526 (5th Cir.2000)).
¶ 10. With respect to Adams' claims, the second prong of the inquiry is satisfied. Adams' claims are based on an allegedly unlawful draft by Greenpoint that was used to make a payment on his mobile home. But for Adams' contract with Greenpoint, the dispute over the allegedly unlawful draft of a payment due under the contract would not have arisen. This action arises from Adams' contract with Greenpoint because the claims relate to a dispute involving a payment due under the contract.
¶ 11. In the present case, the arbitration agreement states that "[a]ny controversy *715 or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claim based on or arising from an alleged tort" is subject to arbitration. In Valentine Sugars, Inc. v. Donau Corp., 981 F.2d 210, 213 n. 2 (5th Cir.1993), the parties signed an agreement that called for arbitration of "any dispute relating to or arising out of" the agreement. The Fifth Circuit stated, "When parties include such a broad arbitration clause, they intend the clause to reach all aspects of the relationship." Id. The torts alleged by Adams arise from the allegedly unauthorized draft of a payment due under a contract that called for arbitration.
II. WHETHER BROWN'S CLAIMS ARE SUBJECT TO ARBITRATION UNDER THE TERMS OF THE CONTRACT
(A) Whether Brown's claims are subject to arbitration
¶ 12. The federal policy favoring arbitration does not apply to the determination of whether there is a valid agreement to arbitrate between the parties. Fleetwood Enterprises, Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir.2002). Courts decide whether the parties have agreed to arbitrate, and ordinary state-law principles determining the formation of contracts apply. Will-Drill Resources, Inc. v. Samson Resources Co., 352 F.3d 211, 214 (5th Cir. 2003). "It goes without saying that a contract cannot bind a nonparty." E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 294, 122 S.Ct. 754, 151 L.Ed.2d 755 (2002).
¶ 13. Greenpoint correctly points out arbitration agreements are enforceable to non-signatories to the contract when the non-signatory party is a third-party beneficiary. Smith Barney, Inc. v. Henry 775 So.2d 722, 727(¶ 19) (Miss. 2001). However, Greenpoint has failed to show that Brown is a third-party beneficiary to the contract Adams signed to finance his mobile home. The rights of a third-party beneficiary must "spring" from the terms of the contract. Burns v. Washington Savings, 251 Miss. 789, 796, 171 So.2d 322, 325 (1965). No right against the contract promisor or promisee is acquired by a mere incidental beneficiary. Hartford Accident & Indemnity Co. v. Hewes, 190 Miss. 225, 199 So. 93, 95 (1940). There is no proof in the record that Brown owned the mobile home jointly with Adams, lived in the mobile home, or benefitted from the financing agreement in any way.
¶ 14. Brown did not sign an agreement to arbitrate and did not directly benefit from the financing agreement Adams and his wife signed. Therefore, Brown's claims are not subject to arbitration.
(B) Whether Brown's claims are subject to stay pending the outcome of Adams' arbitration
¶ 15. In Harvey v. Joyce, 199 F.3d 790, 795-96 (5th Cir.2000), a non-signatory to an agreement to arbitrate sued to seek enforcement of the arbitration clause. The Fifth Circuit held that the non-signatory party was entitled to a stay pending the outcome of the arbitration. The court stated:
Because CTC's [the non-signatory party] potential liability derives from Joyce's [the defendant who signed an arbitration agreement] conduct, the claims asserted against CTC are based on the same operative facts and are inherently inseparable from the claims against Joyce. . . . Furthermore, a suit against CTC could have a critical impact in the Joyce arbitration. If CTC were forced to try the case, the arbitration *716 proceedings would be both redundant and meaningless; in effect, thwarting the federal policy in favor of arbitration.
Id. (citations omitted).
¶ 16. Adams and Brown have both set forth claims against Greenpoint alleging fraud, negligence, intentional and negligent infliction of emotional distress and defamation. These claims arise out of the same set of operative facts. Therefore, allowing Brown to litigate her claims while Adams' claims are subject to arbitration would impair Greenpoint's right to arbitrate. "The forum selection concerns of a non-party are not remotely commensurate to the impediment to the federal policy favoring arbitration created by redundant arbitration or potential impairment of the signatories' rights to arbitrate." Adams v. Georgia Gulf Corp., 237 F.3d 538, 541 (5th Cir.2001). Brown's claims are stayed until the arbitration proceedings with respect to Adams' claims are completed.

CONCLUSION
¶ 17. Adams is compelled to submit to arbitration. Adams signed an agreement to arbitrate all disputes pertaining to the financing of his mobile home. The dispute in the present case arises over an allegedly unauthorized payment that was due under the terms of his mobile home contract. The mobile home financing contract provides that tort-related claims arising from the contract shall be adjudicated through arbitration. However, Brown's claims are not subject to arbitration, and they are held in abeyance until Adams' arbitration proceedings are completed.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANTS AND THE APPELLEES.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. SOUTHWICK AND ROBERTS, JJ., NOT PARTICIPATING.