**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2009

Charles R. Fulbruge III
Clerk

No. 08-20607

PHILLIP W. GREEN,

Plaintiff-Appellant

v.

SERVICE CORPORATION INTERNATIONAL,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-cv-00833

Before JONES, Chief Judge, ELROD, Circuit Judge, and GUIROLA,[*] District Judge.

PER CURIAM:[**]

Plaintiff-Appellant Phillip W. Green appeals the district court's orders compelling arbitration and confirming the arbitrators' award. Finding no error, we affirm.

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

## I. BACKGROUND

In March 2001, Green was hired by SCI Management L.P. (SCI Management), a subsidiary of Defendant-Appellee, Service Corporation International (SCI).  SCI and its subsidiaries provide funeral, crematory, and cemetery services.  Green signed a Principles of Employment & Arbitration Procedures Agreement (the Agreement) soon after he began working for SCI Management.  The Agreement provides in part:

> 1. <u>Matters Subject to Arbitration</u>.  Employee and the Company agree that . . . all disputes related to any aspect of Employee's employment with the Company shall be resolved by binding arbitration.  This includes, but is not limited to, any claims against the Company, its affiliates or their respective officers, directors, employees, or agents for breach of contract, wrongful discharge, discrimination, harassment, defamation, misrepresentation, and emotional distress, as well as any disputes pertaining to the meaning or effect of this Agreement. . . .

As used in the Agreement, "the Company" refers to Green's employer but is not specifically identified.  The first page of the Agreement includes SCI's logo, but the Agreement later provides that Green is employed by "the Company" and not by SCI or any other affiliate of the Company.  Nevertheless, both parties agree that "the Company" refers to Green's initial employer, SCI Management.

On January 1, 2003, Green and all other SCI Management employees were transferred to a newly-created SCI subsidiary, SCI Funeral & Cemetery Purchasing Cooperative Inc. (SCI Funeral).  Green did not sign another arbitration agreement after the transfer.  He was terminated by SCI Funeral on June 17, 2005.

After learning of Green's contention that he was terminated for reporting alleged corporate misconduct, including violations of securities laws, SCI notified Green's attorney that it intended to seek arbitration of Green's claims.  Thereafter, Green filed a whistleblower complaint pursuant to the

Sarbanes-Oxley Act with the Occupational Safety and Health Administration. After OSHA dismissed his complaint, he filed an appeal with the Department of Labor, but halted the administrative proceedings before a hearing was held.

On March 13, 2006, Green filed a Complaint against SCI in district court. He did not bring any claim against SCI Management or his employer, SCI Funeral. SCI simultaneously answered and filed a motion to compel arbitration.

The district court held that SCI was "the Company" referred to in the Agreement and that Green's claims against SCI fell within the scope of the arbitration clause. The district court also found that SCI did not waive its right to arbitration by participating in the administrative proceedings initiated by Green, because the administrative proceedings were not judicial in nature and any prejudice suffered by Green was self-inflicted. As a result, the court compelled Green to arbitrate his claims against SCI.

The parties participated in an arbitration, and the arbitrators determined that SCI did not violate the Sarbanes-Oxley Act. Green filed a motion to vacate the award, asserting that he did not agree to arbitration. SCI filed a motion to confirm the award. The district court denied the former and granted the latter. Green appealed.

## II. DISCUSSION

We must decide first if the Agreement binds Green and benefits SCI and if this dispute falls within its scope. Then we must decide if SCI waived its right to arbitrate by defending itself in administrative proceedings before the Department of Labor. We review a district court's decision to grant or deny a motion to compel arbitration *de novo*. *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 674 (5th Cir. 2006). We review *de novo* the question of whether a party's conduct amounts to a waiver of arbitration, but we review for clear error any factual findings underlying the district court's waiver determination. *Republic Ins. Co. v. PAIC Receivables, LLC*, 383 F.3d 341, 344 (5th Cir. 2004).

"Arbitration is a matter of contract between the parties, and a court cannot compel a party to arbitrate unless the court determines the parties agreed to arbitrate the dispute in question." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1064 (5th Cir. 1998). When deciding if a party may be compelled to arbitrate, we first determine if the party agreed to arbitrate the dispute; if so, we consider whether any federal statute or policy renders the claim nonarbitrable. *Scherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir. 2008). The first step—the only one at issue here—consists of two considerations: whether there is a valid agreement to arbitrate between the parties and whether the dispute in question falls within the scope of the arbitration agreement. *Id.*

Green agreed to arbitrate certain claims against "the Company" and its affiliates. Initially, the district court inferred that SCI was "the Company" in the Agreement because SCI's logo is featured on the Agreement's first page. Later, the district court clarified that "the Company" referred to Green's employer, and that SCI was an affiliate of that company. Because the Agreement required arbitration of claims against affiliates, the district court concluded that "no matter who employed Green, he is bound to arbitrate a dispute with SCI."

We agree. The Agreement provides that Green agreed to arbitrate certain specified claims against SCI Management, its affiliates, and their respective officers, directors, employees, and agents. It is undisputed that SCI is an affiliate of SCI Management. Therefore, SCI can require Green to arbitrate any claims that fall within the scope of the arbitration clause, despite the fact that SCI is not a signatory to the Agreement.[1]

---

[1] We apply federal substantive law when determining whether a nonsignatory to an arbitration agreement can compel a signatory to arbitrate. *See Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267 n.6 (5th Cir. 2004); *see also Grigson v. Creative Artists Agency,*

We must next determine whether this dispute falls within the scope of the Agreement. "[W]henever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp. (In re Hornbeck Offshore (1984) Corp.)*, 981 F.2d 752, 755 (5th Cir. 1993) (quoting *Mar-Len of La., Inc. v. Parsons-Gilbane*, 773 F.2d 633, 635 (5th Cir. 1985)). "[A]rbitration should not be denied 'unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue.'" *Mar-Len*, 773 F.2d at 636 (quoting *Wick v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979)).

Green agreed to arbitrate *any* claims for *wrongful discharge* against SCI, an affiliate of "the Company," SCI Management. Even if the scope of the arbitration clause is susceptible to more than one interpretation, the clause must be interpreted in favor of arbitration. As a result, the district court did not err when it compelled Green to arbitrate his claims against SCI.[2]

We turn to Green's waiver argument. "There is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co.*, 383 F.3d at 344. In order to waive arbitration, a party must substantially invoke the judicial process by engaging in some overt act that evinces a desire to resolve the dispute through litigation rather than arbitration. *Id.* This overt act must cause prejudice to the party alleging waiver. *Id.* at 346.

---

*LLC*, 210 F.3d 524, 527–28 (5th Cir. 2000). "Who is actually bound by an arbitration agreement is a function of the intent of the parties, as expressed in the terms of the agreement." *Sherer*, 548 F.3d at 381 (quotation marks omitted). If the agreement specifies the circumstances in which a signatory is required to arbitrate his claims against a nonsignatory, the terms of the contract govern. *Id.*

[2] Green's arguments concerning the district court's denial of his motion to vacate the arbitration award are premised on his argument that he did not agree to arbitration. Thus, we do not separately address these arguments.

We have not yet addressed the issue of whether a party's participation in an administrative proceeding constitutes a waiver of the right to arbitration. We do not reach this issue here, however, because even if the Department of Labor proceedings could be considered judicial in nature, SCI's participation in those proceedings did not waive its right to arbitrate. *See, e.g.*, *Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 577–78 (5th Cir. 1991) (finding no waiver when a defendant conducted discovery and waited thirteen months before demanding arbitration, particularly because the discovery was minimal and the defendant did not ask the court to make any judicial decision by filing dispositive motions); *Tenneco Resins, Inc. v. Davy Int'l, AG*, 770 F.2d 416, 420–21 (5th Cir. 1985) (finding no waiver when a defendant participated in eight months of discovery before filing a motion to compel arbitration). *But see Republic Ins. Co.*, 383 F.3d at 344–47 (finding waiver when Republic filed the lawsuit in federal court and waited until a few days before trial was scheduled to begin before asserting its right to arbitration, noting that the defendant was prejudiced by having participated in full-fledged discovery and trial preparation).

SCI immediately demanded arbitration prior to the administrative proceedings and only defended itself in those proceedings, which were initiated by Green. Furthermore, there is no indication that SCI engaged in any conduct that evinced a desire to resolve this dispute by litigation rather than arbitration. The parties merely engaged in limited discovery, obtained an agreed protective order, and made pre-hearing submissions during the administrative proceedings. Immediately upon answering in district court, SCI sought to compel arbitration, filing its motion to compel less than one year after Green was terminated by SCI Funeral. Finally, Green has not demonstrated that he was prejudiced by the delay. He merely alleges in a general fashion that the passing of time, the discovery conducted, and the expense incurred during the administrative

proceedings caused him prejudice. Thus, SCI did not waive its right to arbitration by participating in the administrative proceedings.[3]

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[3] In his reply brief, Green raises various other arguments for the first time. Arguments raised for the first time in a reply brief are waived. *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005).