775 So.2d 191 (2000)
UNITED WISCONSIN LIFE INSURANCE COMPANY et al
v.
Peggy D. BEATY and John F. Beaty.
1990925.
Supreme Court of Alabama.
July 21, 2000.
*192 Lynn Etheridge Hare and Kori L. Clement of Hare, Hair & Clement, P.C., Birmingham, for appellants.
W. Lee Pittman and J. Chris Cochran of Pittman, Hooks, Dutton & Hollis, P.C., Birmingham, for appellees.
COOK, Justice.
The defendants appeal from an order denying their motion to compel the arbitration of claims presented in an action commenced by John Beaty and Peggy Beaty. That order stated as follows:
"This matter came before the court on Defendants' motion to compel arbitration and to stay proceedings. The Plaintiffs filed a complaint against American Medical Security, Inc. (hereinafter `AMS'), United Wisconsin Life Insurance Company (hereinafter `UWLIC'), Karen McCreary, and Ronald Stell, alleging breach of contract and various [types] of fraud.
"On February 28, 1995, the Plaintiffs purchased a policy of health insurance, group number XXXX-XXXXXX. The Plaintiffs allege that Defendants Ronald Stell and Karen McCreary represented on behalf of AMS and/or UWLIC that `their health insurance policy would not be rated due to the fact that [they] had an autistic child [and] that any increase in the premium in the future would have to be equally increased [for] all the policyholders at the same rate.' Complaint ¶¶ 1-2. Plaintiffs further allege that, on February 24, 1999, despite these representations, the Defendants notified them that, effective April 1, 1999, the monthly premium of their health insurance would increase from $543.52 to $892.28. Complaint ¶ 3.
"In Count I of the complaint, the Plaintiffs assert a breach of contract [claim]; the premium increase constituted a breach of the agreement reached in 1995. The remaining counts of the complaint arise out of activities in 1995 when the Plaintiffs were sold the subject insurance policy; the various fraud-based [counts] assert claims of fraud in the inducement or [alleged] deceit used to get the Plaintiffs to purchase the subject policy.
". . . .
"On September 23, 1999, the Defendants filed a motion to compel arbitration and to stay proceedings. In connection with this motion the Defendants proffered [an] affidavit executed by Dionne R. Emenecker. In this affidavit, the Defendants introduced documents concerning the `Policy ... in effect ... from April 1, 1999 to the present.' Among these documents was a `Certificate Rider,' numbered RD-0321-00-1-00 4/98, [effective April 1, 1999].' ...
"The subject rider contains the following language:
"`ARBITRATION
"`AFTER EXHAUSTION OF AN APPEAL PROCEDURE, ANY FURTHER DISPUTE OR CAUSE OF ACTION OF WHATEVER KIND OR NATURE ARISING OUT OF OR RELATING TO:
"`1. THE POLICY;
"`2. CERTIFICATE; OR
"`3. OUR INSURANCE PRACTICES AS THEY RELATE TO THIS INSURANCE,
"`MUST BE RESOLVED BY ARBITRATION'
"Although the Defendants' brief in support of [their] motion to compel arbitration makes no mention of retroactivity, the Defendants contended in oral arguments that the arbitration clause *193 contained in the subject rider should be given retroactive effect. This court disagrees.
"In Kenworth of Dothan, Inc. v. Bruner-Wells Trucking, Inc., [745 So.2d 271 (Ala.1999),] the Supreme Court of Alabama addressed when an arbitration agreement would be given retroactive effect.
"`[I]f the arbitration clause contains retroactive ... language, e.g., a phrase reading "this agreement applies to all transactions occurring before or after this agreement," then we may apply the arbitration provision to disputes relating to past events. Or, if the arbitration clause contains language stating that it applies to "all transactions between us" or "all business with us," then we may apply the arbitration clause retroactively.'
"[Id. at 276.] Such language is necessary to ensure that there was an actual `meeting of the minds' that disputes relating to past events must be arbitrated. In other words, the party seeking to compel arbitration [as] to past events must have affirmatively informed the other party that the arbitration agreement will apply retroactively.
"The instant arbitration agreement contains none of the necessary language set forth in Kenworth of Dothan, supra. Nothing in the subject rider expressly states that the arbitration agreement `applies to all transactions occurring before or after this agreement' or to `all business with us.' Therefore, because (1) the effective date of the rider is 04/01/99, (2) the Plaintiffs' claims arise out of events occurring prior to the effective date of the rider, and (3) the arbitration agreement does not contain retroactive language, the Plaintiffs cannot be compelled to arbitrate their claims.
"In addition, according to the language of the subject rider, the scope of the arbitration agreement [is] too narrow. Under the heading `GENERAL PROVISIONS' in the rider, there are references to (1) an `appeal procedure,' (2) legal action, meaning, `dispute resolution through the arbitration process,' and (3) not being allowed to bring any legal action unless [it is brought] `within three years from the date when written proof of Loss is required.' [More specifically, the rider provides:
"`GENERAL PROVISIONS
"`The following provision is added to the "General Provisions" section of Your [policy]
"`LEGAL ACTIONS
"`You may not bring any legal action against
"`1. Us; or
"`2. Our Representative,
"`until 60 days after the date when an appeal procedure is completed.

"`Unless otherwise required by law, legal action means dispute resolution through the arbitration process. Legal action applies to actions at law or in equity.
"`You may not bring any legal action against:
"`1. Us; or
"`2. our Representative,
"`unless You do so within three years from the date when written Proof of Loss is required.]
"Under the heading `ARBITRATION,' it expressly states that, `[a]fter exhaustion of an appeal procedure, any further dispute ... must be resolved by arbitration.' The appeal procedure, as set forth on page 18 of the document designated `CE-0003-00-1-AB 10/91,' is a system whereby UWLIC required that an insured administratively appeal any initial decision to deny a claim before bringing legal action.
"The use of the phrase `after exhaustion of an appeal procedure' in the arbitration agreement narrows its scope. While the Supreme Court has typically given broad effect to `arising out of or *194 relating to' language in an arbitration agreement, UWLIC specifically [limited] the `arising out of [or] relating to' language by the inclusion of the phrase `after exhaustion of an appeal procedure.' Therefore, because the policy states that the administrative appeal procedure applies only to benefit claims that are submitted by an insured and denied by UWLIC, only disputes over disputed or denied benefit claims must be arbitrated. All disputes not subject to UWLIC's administrative appeal procedure, including disputes involving the sale of the subject policy and the amount of the premium, may be judicially resolved."
(Capitalization in original; other emphasis added.)
We agree with the holding and rationale of the trial court, and we adopt its order as the opinion of this Court. Consequently, the order is affirmed.
AFFIRMED.
HOUSTON, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur
HOOPER, C.J., concurs in the result.
MADDOX and SEE, JJ., dissent.
HOOPER, Chief Justice (concurring in the result).
I agree with that portion of the opinion holding that the arbitration provision does not apply retroactively. However, I do not agree with the portion of the opinion stating that the arbitration provision is too narrow to apply to the Beatys' claims. The provision clearly applies to disputes arising out of or relating to the policy, the certificate, or the company's insurance practices. I would not read the language regarding the appeal procedure as limiting the entire provision to only disputes over denied claims. Therefore, I concur in the result.