United Wisconsin Life Insurance Company and American Medical Security, Inc., appeal from the trial court's denial of their motions to compel arbitration. We affirm.
 Background
United Wisconsin is an insurance underwriter and the issuer of the health-insurance policies involved in this action. Its principal place of business is in Wisconsin. American Medical serves as the administrator of the United Wisconsin policies; American Medical's principal place of business is also in Wisconsin. The plaintiffs in the underlying action, Ruth Shuniak, Susan N. Tankersley, Nathaniel Miller, Debbie Miller, and Gregory Shockley (hereinafter referred to collectively as "the plaintiffs") are all individual residents of Alabama.
On March 5, 1996, Ruth Shuniak completed an application for health insurance under a group policy with United Wisconsin. American Medical approved the application in Wisconsin and sent an insurance certificate entitled "Certificate of Group Insurance" and a group insurance policy to Shuniak shortly after she had completed her application. Shuniak renewed the insurance policy annually.
At some point, United Wisconsin issued a rider to Shuniak's policy; the rider added an arbitration provision to the policy. From March 14, 2000, until the present, Shuniak's policy has included the following language:
"CLAIMS PROVISIONS
 "The `Legal Actions' provision is deleted from the `Claims Provisions' section of Your certificate.
"GENERAL PROVISIONS
 "The following provision is added to the `General Provisions' section of Your certificate.
"LEGAL ACTIONS
"You may not bring any legal action against:
"1. Us; or
"2. Our Representative,
 "until 60 days after the date when an appeal procedure is completed.
 "Unless otherwise required by law, legal action means dispute resolution through the arbitration process. Legal action applies to actions at law or in equity.
"You may not bring any legal action against:
"1. Us; or
"2. Our Representative,
 "unless You do so within three years from the date when written Proof of Loss is required.
 "Any further legal action beyond arbitration is limited only to enforcement of the arbitration decision. Enforcement:
"1. will be made in an appropriate court of law; and
 "2. must be brought within the time period provided by applicable state or federal law. If no such time period is established, then enforcement must be brought no later than one year after the date when the arbitration award is rendered.
 "The following provision is added to the `General Provisions' section of Your certificate:
"ARBITRATION
 "AFTER EXHAUSTION OF AN APPEAL PROCEDURE, ANY FURTHER DISPUTE OR CAUSE OF ACTION OF WHATEVER KIND *Page 387 
OR NATURE ARISING OUT OF OR RELATING TO:
"1. THE POLICY;
"2. CERTIFICATE; OR
 "3. OUR INSURANCE PRACTICES AS THEY RELATE TO THIS INSURANCE,
"MUST BE RESOLVED BY ARBITRATION."
(Capitalization in original.)
On December 9, 1996, Susan N. Tankersley applied for health insurance under a group policy with United Wisconsin. American Medical approved the application and shortly thereafter sent a certificate of group insurance and a group insurance policy to Tankersley.
On January 8, 2001, Tankersley requested a different co-pay option on her policy. American Medical processed this request and, according to American Medical, it issued another health-insurance certificate that was effective February 1, 2001. This health-insurance certificate included a rider, which added an arbitration provision to Tankersley's policy; the arbitration provision was identical to the one added to Shuniak's policy.
On November 24, 1998, Nathaniel Miller and Debbie Miller applied for health-insurance coverage under a group policy with United Wisconsin, requesting insurance effective December 1, 1998. In connection with their application, Nathaniel Miller signed a document, which the parties refer to as an "Acknowledgment of Arbitration Agreement." The Acknowledgment of Arbitration Agreement form originated with the Alabama Department of Insurance. However, United Wisconsin modified the Department's suggested form. Wherever the Department of Insurance form used the word "policy," United Wisconsin changed the word to "coverage." The Acknowledgment of Arbitration Agreement signed by Nathaniel Miller provided as follows:
 "IMPORTANT NOTICE ABOUT THE INSURANCE COVERAGE FOR WHICH YOU HAVE APPLIED "THIS DOCUMENT AFFECTS YOUR LEGAL RIGHTS
"READ THE FOLLOWING INFORMATION CAREFULLY.
 "1. The coverage for which you have applied includes a binding arbitration provision.
 "2. The arbitration provision requires that any disagreement related to this coverage must be resolved by arbitration and not in a court of law.
 "3. The results of the arbitration are final and binding on you and the insurance company.
 "4. In an arbitration, the arbitrator(s), who is an independent, neutral party, give a decision after hearing the positions of the parties.
 "5. When you accept this insurance coverage, you agree to resolve any disagreement related to the coverage by binding arbitration instead of a court proceeding, including a trial by judge or jury.
 "6. Except for enforcement of the arbitration decision, the decision of the arbitrator(s) cannot be reviewed in a court proceeding by a judge or jury.
"ACKNOWLEDGMENT OF ARBITRATION AGREEMENT
 "I have read this notice. I understand that I am voluntarily surrendering the right to have any disagreement between the insurance company and me, or other insured party, resolved in court. *Page 388 
This means I am waiving the right to a trial by a judge or jury.
 "I understand that upon receipt of the certificate, I should read the arbitration provision contained in the certificate. I have the right to reject the insurance coverage within three (3) days of the date of delivery if I do not accept the requirement for arbitration.
 "I understand that similar types of insurance may be available through an insurance company that does not require coverage-related disagreements to be resolved by binding arbitration."
(Capitalization in original.)
American Medical processed the Millers' application and sent the Millers a certificate of group insurance and a group insurance policy. The policy contained an arbitration provision identical to the one added by rider to Shuniak's and Tankersley's policies.
On December 28, 1999, Gregory Shockley applied for health insurance with United Wisconsin, requesting that the insurance policy be effective February 15, 2000. In connection with that application, Shockley signed an "Acknowledgment of Arbitration Agreement." The acknowledgment signed by Shockley was identical to the one signed by Nathaniel Miller. American Medical processed Shockley's application in Wisconsin and shortly thereafter sent Shockley a certificate of group insurance and a group insurance policy. Shockley's insurance policy contained an arbitration provision identical to the one contained in Shuniak's, Tankersley's, and the Millers' policies.
 Plaintiffs' Claims
On April 10, 2001, Evelyn E. Saucier sued United Wisconsin, American Medical, and others in the Mobile Circuit Court. By the end of May 2002, Saucier's initial complaint had been amended several times and plaintiffs had been added and deleted. Saucier was no longer a party to the action, but Shuniak, Tankersley, the Millers, and Shockley, along with several others, had been made parties to the action.
In their complaint, the plaintiffs allege that they are all current or former policyholders of a United Wisconsin group health-insurance policy, namely "Master Policy Number AB 2000." The plaintiffs allege that United Wisconsin and American Medical, or presumably their agents, marketed this policy to the plaintiffs by representing that it was a group insurance policy and that the premiums charged the plaintiffs were or would be based on the group's claims experience. The plaintiffs allege that beginning in 1998 and continuing throughout 2002, United Wisconsin and/or American Medical increased their premiums at various times in a manner that was not based upon the group's claims experience but upon their individual claims experience. They assert claims of intentional, reckless, and/or negligent misrepresentation; suppression; fraudulent concealment; conspiracy to mislead the plaintiffs concerning the premium increases and the actual basis of the premium charges, conspiracy to constructively cancel the policies of certain policyholders who made certain claims or who suffered from certain medical conditions, and conspiracy to improve the profit margin on the policies; breach of fiduciary duty; and breach of contract.
On August 30, 2002, United Wisconsin and American Medical moved to compel arbitration of the plaintiffs' claims.[1] In *Page 389 
support of that motion, they submitted the affidavit of Joseph W. Keen, the director of regulatory affairs for American Medical. They also submitted copies of the insurance application and the insurance policy for each of the plaintiffs.
On March 19, 2003, the plaintiffs filed their opposition to United Wisconsin and American Medical's motion to compel arbitration. As exhibits to their opposition, the plaintiffs filed excerpts from United Wisconsin's health-insurance policy, more specifically, the policy's administrative appeal procedure and the policy's arbitration provision; the affidavit of Nathaniel Miller; a copy of the Acknowledgment of Arbitration Agreement signed by Gregory Shockley, as modified by United Wisconsin; and a blank copy of the Acknowledgment of Arbitration Agreement, which, it is undisputed, is a form suggested by the Alabama Department of Insurance. The plaintiffs subsequently submitted the affidavit of Susan Tankersley in opposition to the motion to compel arbitration.
On April 10, 2003, the Mobile Circuit Court denied United Wisconsin and American Medical's motion to compel arbitration. United Wisconsin and American Medical appeal, asserting that all of the prerequisites of 9 U.S.C. § 1 et seq., the Federal Arbitration Act ("the FAA"), have been met and that, therefore, the trial court erred in denying their motion to compel arbitration and to stay the proceedings.
 Standard of Review
This Court's review of an order granting or denying a motion to compel arbitration is de novo. First American Title Ins. Corp.v. Silvernell, 744 So.2d 883, 886 (Ala. 1999); Crimson Indus.,Inc. v. Kirkland, 736 So.2d 597, 600 (Ala. 1999); Patrick HomeCtr., Inc. v. Karr, 730 So.2d 1171 (Ala. 1999).
 Discussion
The FAA mandates arbitration of a claim where a valid contract containing a written agreement calling for arbitration exists and where the contract evidences a transaction involving interstate commerce. 9 U.S.C. § 2. In this case, the plaintiffs do not contest that the insurance policies are valid contracts containing a written agreement calling for arbitration and that the transactions involved interstate commerce. The issue before us is whether the arbitration provisions are broad enough to encompass the plaintiffs' claims.
As the Court has previously recognized:
 "The strong federal policy favoring the enforceability of arbitration contracts is designed to place arbitration agreements on the same footing as any other contract. Allied-Bruce Terminix Companies v. Dobson, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). Like any other contract, an arbitration agreement must be enforced in accordance with its terms; both federal and state courts have consistently recognized that the duty to arbitrate is a contractual obligation and that a party cannot be required to arbitrate any dispute that he or she has not agreed to arbitrate. AT T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986); A.G. Edwards Sons v. Clark, 558 So.2d 358 (Ala. 1990). Whether an arbitration agreement applies to a dispute between the parties is to be determined by the language of the contract entered into by the parties. Blount Int'l, Ltd. v. *Page 390 James River-Pennington, Inc., 618 So.2d 1344 (Ala. 1993)."
Koullas v. Ramsey, 683 So.2d 415, 416-17 (Ala. 1996). See alsoCook's Pest Control, Inc. v. Boykin, 807 So.2d 524, 526 (Ala. 2001) ("It is black-letter law that arbitration agreements must be enforced according to general standards of contract law.");Kenworth of Dothan, Inc. v. Bruner-Wells Trucking, Inc.,745 So.2d 271, 274 (Ala. 1999) ("Because arbitration is a creature of contract, ordinary contract rules govern the interpretation of arbitration provisions.").
In United Wisconsin Life Insurance Co. v. Beaty,775 So.2d 191 (Ala. 2000), the Alabama Supreme Court interpreted the same arbitration provision at issue in this case and applied it to claims identical to those alleged in this case. Like the plaintiffs here, the plaintiffs in Beaty were insureds under a group health-insurance policy issued by United Wisconsin. The plaintiffs alleged that they were told the premiums would be based upon the group's experience but that subsequently United Wisconsin increased their premiums on some other basis. The plaintiffs sued, alleging that the premium increases constituted a breach of contract. The remaining counts arose out of activities related to the sale of the policy, including fraudulent inducement, misrepresentation, and suppression.
United Wisconsin sought to compel arbitration based upon arbitration provisions identical to the ones included in Shuniak's, Tankersley's, the Millers', and Shockley's policies. The trial court denied that motion, and United Wisconsin appealed.
On appeal, the Alabama Supreme Court quoted extensively from the trial court's order and adopted that order as its own:
 "`[A]ccording to the language of the subject rider, the scope of the arbitration agreement [is] too narrow. Under the heading "GENERAL PROVISIONS" in the rider, there are references to (1) an "appeal procedure," (2) legal action, meaning "dispute resolution through the arbitration process," and (3) not being allowed to bring any legal action unless [it is brought] "within three years from the date when written proof of Loss is required." [More specifically, the rider provides:
"`"GENERAL PROVISIONS
 "`"The following provision is added to the `General Provisions' section of Your [policy]
"`"LEGAL ACTIONS
"`"You may not bring any legal action against
"`"1. Us; or
"`"2. Our Representative,
 "`"until 60 days after the date when an appeal procedure is completed.
 "`"Unless otherwise required by law, legal action means dispute resolution through the arbitration process. Legal action applies to actions at law or in equity.
"`"You may not bring any legal action against:
"`"1. Us; or
"`"2. Our Representative,
 "`"unless You do so within three years from the date when written Proof of Loss is required."]
 "`Under the heading of "ARBITRATION," it expressly states that "[a]fter exhaustion of an appeal procedure, any further dispute . . . must be resolved by arbitration." The appeal procedure, as set forth on page 18 of the document designated "CE-0003-00-1-AB 10/91," is a system whereby [United Wisconsin] required that an insured administratively *Page 391 appeal any initial decision to deny a claim
before bringing legal action.
 "`The use of the phrase "after exhaustion of an appeal procedure" in the arbitration agreement narrows its scope. While the Supreme Court has typically given broad effect to "arising out of or relating to" language in an arbitration agreement, [United Wisconsin] specifically [limited] the "arising out of [or] relating to" language by the inclusion of the phrase "after exhaustion of an appeal procedure." Therefore, because the policy states that the administrative appeal procedure applies only to benefit claims that are submitted by an insured and denied by [United Wisconsin], only disputes over disputed or denied benefit claims
must be arbitrated. All disputes not subject to [United Wisconsin]'s administrative appeal procedure, including disputes involving the sale of the subject policy and the amount of the premium, may be judicially resolved.'"
Beaty, 775 So.2d at 193-94 (capitalization in original).
Because the Beaty Court found that the scope of the arbitration agreement was limited to disputes regarding only claims for benefits made under the policy, the Court affirmed the trial court's holding that the plaintiffs' claims arising from the sale of the policies and how the premiums were calculated were not subject to arbitration.
As we noted earlier, the language of the arbitration provision considered in Beaty is identical to the language of the arbitration provisions at issue in this appeal. Also, the facts and the claims asserted in Beaty are virtually identical to those of this case. We adopt the rationale of Beaty in this case. The arbitration provision here is not broad enough to encompass the plaintiffs' claims.
United Wisconsin and American Medical argue that Beaty was wrongly decided. They allege that the references in the arbitration provisions to "after exhaustion of an appeal procedure" render the arbitration provisions ambiguous and that ambiguous arbitration provisions should be construed in favor of arbitration. They emphasize that the reach of the arbitration provision could not be any broader because it includes the language "[a]fter exhaustion of an appeal procedure, any furtherdispute or cause of action of whatever kind or nature arising outof or relating to 1. the policy; 2. certificate; or 3. ourinsurance practices as they relate to this insurance, must be resolved by arbitration."
We disagree with United Wisconsin and American Medical. The flaw in their argument is that they attempt to ignore the first clause of the sentence — "[a]fter exhaustion of an appeal procedure" — which provides the context for the remainder of the sentence. United Wisconsin's policy contains the following claim-appeal procedure:
"CLAIM APPEAL PROCEDURE
 "In accordance with the provision of the Employee Retirement Income Security Act of 1974 (ERISA), We have established an extensive appeal procedure that You may use, if You have any questions or disagree with a decision made on a claim.
 "You should send a written request to Us within 60 days of the date You received the written claim denial or `Explanation of Benefits.' In Your request, be sure to include proper identification, including all insurance numbers that appear on Your claim I.D. card, and a copy of the claim denial. Please state the reasons You feel the claim should not have been denied, and include any other documentation (for example, medical or dental records) You believe supports Your claim. *Page 392 
 "Normally, We will review the initial claim denial and notify You in writing of Our decision within 60 days of Our receipt of Your appeal request. Special circumstances may require up to 120 days.
 "If You are still dissatisfied with the results, You may request review by a special panel. You must request this second appeal in writing within 60 days of the date You receive written notice of the last decision. As before, You must include proper identification and a copy of the latest notification. You may provide additional explanations and documentation.
 "Normally, the panel will review the prior decision and notify You in writing of Our final decision within 60 days of Our receipt of Your second appeal request. Special circumstances may require up to 120 days. In some cases, You may be afforded an additional appeal directly to Your insurance company. In any case, You must exhaust all available appeals before taking any legal action against Us."
This entire section of the United Wisconsin policy addresses the procedure to be followed when an insured disagrees with the insurer's resolution of a claim. Thus, the clause "after exhaustion of an appeal procedure" places arbitration in the context of a disputed claim.
Moreover, this is not the only reference in the arbitration provision to a disputed claim. We find that the rider adding the arbitration provision is replete with references to arbitration only within the context of a disputed claim. For example, a legal action means the arbitration process; the appeal procedure is applicable only to a disputed claim; a policyholder may not institute legal action (which means an arbitration proceeding) until 60 days after the appeal procedure (which applies only to a disputed claim) has been completed; a policyholder may not institute legal action/arbitration more than three years from the date when written proof of loss (which applies only to a claim) is required; and finally, after exhaustion of the appeal procedure (which applies only to a disputed claim), any further dispute must be resolved by arbitration. Beaty was not wrongly decided.
Additionally, United Wisconsin and American Medical argue that the acknowledgment form signed by the Millers and Shockley somehow enlarged the scope of the arbitration provisions in the policies. Again, we disagree. We find nothing in the language of the acknowledgment that expands the scope of the arbitration provision. In fact, the Acknowledgment of Arbitration Agreement specifically refers to arbitration of coverage-related disputes. This language was drafted by United Wisconsin and American Medical. They specifically changed the language of the acknowledgment to refer to arbitration of coverage-related disputes rather than disputes related more generally to the policy. This further supports the language of the arbitration provision found in the policy itself.
We conclude that the arbitration provision contained in the plaintiffs' United Wisconsin policies is not broad enough to encompass the plaintiffs' claims relating to the sale of the subject policies and the calculation of the premiums. We affirm the trial court's order denying the motions to compel arbitration.
AFFIRMED.
HOUSTON, LYONS, BROWN, JOHNSTONE, HARWOOD, and WOODALL, JJ., concur.
SEE, J., dissents.
[1] Although the second amended complaint, filed on May 29, 2002, lists numerous other plaintiffs, the motion to compel arbitration filed jointly by United Wisconsin and American Medical addressed only the claims asserted by Shuniak, Tankersley, Nathaniel Miller, Debbie Miller, and Gregory Shockley. Therefore, whether the claims asserted by the other plaintiffs in this action are subject to arbitration is not an issue before us. *Page 393