Rel: 11/14/14

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0649), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

OCTOBER TERM, 2014-2015

_____

1130219

_____

**Regions Bank**

v.

**Jerry Wayne Neighbors**

**Appeal from Montgomery Circuit Court
(CV-13-901459)**

BRYAN, Justice.

Regions Bank ("Regions") appeals from an order denying its motion to compel arbitration. We reverse and remand.

1130219

In 1999, Jerry Wayne Neighbors obtained from Union Planters Bank a loan in the amount of $64,100, which was secured by a mortgage on real property owned by Neighbors and his then wife. Regions is the successor in interest to Union Planters Bank. As part of the loan transaction, Neighbors executed a dispute-resolution agreement ("the DRA"), which provides, in pertinent part: "Borrower and Lender irrevocably agree to settle all disputes between them ... by negotiation, mediation, and arbitration ...." The DRA further provides that "'disputes' means all past, present, and future disagreements, controversies, claims, and counterclaims between Borrower and Lender and includes without limitation all matters relating to this Agreement, any extension of credit, any tort, any insurance, any service, or any product." The DRA also states: "Borrower and Lender intend for this Agreement to cover the broadest range of disputes and legal issues that may be arbitrated under federal law. Borrower and Lender agree that any questions as to the scope of this Agreement shall be determined by the arbitrator (including, without limitation all issues of formation, consideration,

capacity, fairness, unconscionability, mutuality, duress, fraud, adhesion, arbitrability, revocability, and waiver)."

In 2008, a loan-modification agreement was executed, purportedly amending the mortgage. Neighbors denies that he signed the loan-modification agreement; he claims that his signature on that document was forged. The loan-modification agreement also contains an arbitration provision.

In 2013, Neighbors sued Regions, alleging that Regions had negligently and wantonly allowed an imposter to forge Neighbors's signature on the loan-modification agreement. Relying on the DRA, Regions moved to compel the arbitration of Neighbors's claims.[1] Neighbors opposed the motion to compel arbitration. Following a hearing, the trial court denied the motion to compel, without stating a reason. Regions appealed pursuant to Rule 4(d), Ala. R. App. P., which authorizes an

---

[1]When the original loan documents were executed, they were supplemented by a rider that included an arbitration agreement separate from the DRA. However, the rider indicates that the arbitration agreement therein would not apply if there is a "separate Alternative Dispute Resolution Agreement," like the DRA. However, the arbitration provision in the rider would apply if the DRA were determined to be invalid or unenforceable. Regions sought arbitration under the DRA, not the arbitration provision in the rider or the arbitration provision in the loan-modification agreement.

1130219

appeal from an order either granting or denying a motion to compel arbitration.

> "'This Court's review of an order granting or denying a motion to compel arbitration is de novo. ...'
>
> "United Wisconsin Life Ins. Co. v. Tankersley, 880 So. 2d 385, 389 (Ala. 2003). Furthermore:
>
> > "'"A motion to compel arbitration is analogous to a motion for summary judgment. TranSouth Fin. Corp. v. Bell, 739 So. 2d 1110, 1114 (Ala. 1999). The party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract evidences a transaction affecting interstate commerce. Id. 'After a motion to compel arbitration has been made and supported, the burden is on the non-movant to present evidence that the supposed arbitration agreement is not valid or does not apply to the dispute in question.'"
>
> > "'Fleetwood Enters., Inc. v. Bruno, 784 So. 2d 277, 280 (Ala. 2000) (quoting Jim Burke Auto., Inc. v. Beavers, 674 So. 2d 1260, 1265 n. 1 (Ala. 1995) (emphasis omitted)).'
>
> "Vann v. First Cmty. Credit Corp., 834 So. 2d 751, 753 (Ala. 2002)."

Cartwright v. Maitland, 30 So. 3d 405, 408-09 (Ala. 2009).

4

1130219

In this case, there is no dispute regarding the existence of the DRA and the fact that it evidences a transaction affecting interstate commerce. Rather, the parties disagree about whether Neighbors's claims are covered by the DRA. Regions argues that the scope of the DRA is broad enough to include Neighbors's claims. Regions also argues that the issue whether the scope of the DRA encompasses Neighbors's claims is a threshold issue that, under the terms of the DRA, should be decided by the arbitrator; this argument is dispositive. Neighbors argues that, because the dispute in this case involves an alleged forgery, the dispute cannot be subject to the provisions of the DRA. Neighbors also suggests that the DRA does not cover his claims because, he says, pursuant to the terms of the judgment divorcing him and his wife, he stopped making payments on the original mortgage in 2006 when his ex-wife remarried. Although Neighbors characterizes the dispute otherwise, we conclude that the dispute in this case concerns the scope of the DRA.

Whether a specific dispute falls within the scope of an arbitration agreement is a threshold question of "substantive arbitrability," a term sometimes used by this Court, or simply

5

1130219

"arbitrability" as the United States Supreme Court has called it. Brasfield & Gorrie, L.L.C. v. Soho Partners, L.L.C., 35 So. 3d 601, 604 (Ala. 2009) (discussing the difference between questions of "substantive arbitrability" and "procedural arbitrability"); Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83-85 (2002) (discussing the difference between "questions of arbitrability," which this Court has sometimes referred to as questions of "substantive arbitrability," and "procedural questions," which this Court has sometimes referred to as questions of "procedural arbitrability"). As a threshold matter, a court decides issues of substantive arbitrability "[u]nless the parties clearly and unmistakably provide otherwise." AT&T Techs., Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986). In this case, the DRA shows that the parties clearly and unmistakably agreed to have an arbitrator, not a court, decide substantive-arbitrability issues concerning the scope of the DRA and, indeed, all issues of "arbitrability." The DRA provides that "Borrower and Lender agree that any questions as to the scope of this Agreement shall be determined by the arbitrator (including, without limitation all issues of ... arbitrability

6

...)." Thus, as an initial matter, the arbitrator must decide whether Neighbors's claims fall within the scope of the DRA.

The trial court erred in denying the motion to compel arbitration. We therefore reverse the order and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Stuart, Bolin, Parker, Main, and Wise, JJ., concur.

Shaw, J., concurs in the result.

Moore, C.J., and Murdock, J., dissent.

1130219

MURDOCK, Justice (dissenting).

I respectfully dissent.

I do not agree that the issue of arbitrability was for the arbitrator to decide in this case. Whether the dispute at issue falls within the scope of the dispute-resolution agreement was for the trial court to decide. See Anderton v. The Practice-Monroeville, P.C. [Ms. 1121417, Sept. 26, 2014] ___ So. 3d ___, ___ (Ala. 2014) (Murdock, J., dissenting); Auto Owners Ins., Inc. v. Blackmon Ins. Agency, Inc., 99 So. 3d 1193, 1199 (Ala. 2012) (Murdock, J., dissenting).